Conard H. HOLLAND, Appellant,

v.

Alta Holland GIBBS et al., Appellees.

No. 11273.

Court of Civil Appeals of Texas.

Austin.

March 3, 1965.

Rehearing Denied March 24, 1965.

Russell & Pratt, Burnet, McKay & Avery, *Austin*, for appellant.

Hammond & Hammond, Burnet, Archer & Archer, Austin, for appellees, L. Hamilton Lowe, Austin, of counsel, for appellees.

PHILLIPS, Justice.

This is a suit to set aside a deed executed by appellant Conard H. Holland on September 7, 1925 and filed for record in Burnet County, Texas, September 23, 1925 wherein appellant conveyed all the interest he had in the estate of his father and mother, now both deceased, to his sister Alta Holland Gibbs, one of the appellees in this case. This suit also seeks to construe the will left by appellant's mother.

At the conclusion of trial to the court without a jury, the court entered judgment for the appellees herein filing certain findings of fact and conclusions of law.

We affirm the judgment of the trial court.

The abovementioned deed executed thirty-eight years ago by appellant, then twenty-five years old, to his sister Alta Holland Gibbs, then in her thirties, is as follows:

"State of Texas, County of Burnet, Know all men by these presents: That, we, Conard H. Holland, of Hale County, Texas, and Etta Hall Holland, widow, of the County of Burnet, State of Texas, for and in consideration of the sum of $1,800.00, in hand paid by Mrs. Alta Holland Gibbs, out of her separate estate, the receipt of which is hereby acknowledged, said payment being made to Conard H. Holland, have GRANTED, Sold and Conveyed, and by these presents do Grant, Sell and Convey, unto the said Mrs. Alta Holland Gibbs, as her separate property, of the County of Burnet, State of Texas, all that certain undivided one-fifth part of all the real estate and personal property belonging to S. W. Holland at the time of his death, the said S. W. Holland having been a citizen of Burnet County, Texas, and also an undivided one-fifth part of all the real and personal estate now owned by Etta Hall Holland, widow of S. W. Holland, as well as the prospective inheritance of Conard H. Holland in and to all the estate which the said Etta Hall Holland may hereafter acquire and own at the time of her death, it being understood that the said Etta Hall Holland shall be entitled to receive and use all the rents, revenues and income of all of said property and have the right to use and occupy all of said property for and during her natural life. And the said Etta Hall Holland, by signing this deed consented to the assignment of said Conard H. Holland of his prospective inheritance in the estate of said Etta Hall Holland.

TO HAVE AND TO HOLD the above described premises, together with all and singular, the rights and appurtenances thereto in anywise belonging unto the said Mrs. Alta Holland Gibbs, in her separate right, her heirs and assigns forever, and we hereby bind ourselves, our heirs, executors and administrators, to warrant and forever defend, all and singular, the said premises unto the said Mrs. Alta Holland Gibbs in her separate right, her heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

WITNESS our hands this 7th day of September, A.D. 1925.

signed   Conard H. Holland
signed   Etta Hall Holland"

(Acknowledgments omitted by us)

On August 28, 1928, appellee Alta Holland Gibbs filed the following affidavit for record in Burnet County:

| "Mrs. Alta Holland Gibbs | § | THE STATE OF TEXAS |
| | | # September 30, 1925 |
| | | –A.D. |
| To    /    Affidavit | § | |
| C. H. Holland, et al | § | COUNTY OF BURNETT |
| | | # Know all men by |
| | | these presents: |

That whereas, I, the undersigned, have bought from C. H. Holland his entire interest in the estate of his father, deceased, and his mother, Mrs. S. W. Holland, of Burnet County, Texas; And be it known that at the time of the transaction whereby I, the undersigned, bought the interest of said C. H. Holland, there was owing to the estate by the said C. H. Holland, ($1500.00) fifteen hundred dollars, which sum was to have been deducted from the said C. H. Holland's part of the estate at the time of death of Mrs. S. W. Holland.

Now, I, the undersigned, hereby acknowledge that I do assume the $1500.00 owing the estate by the said C. H. Holland, minus one-fourth, or my part, of the $1500.00, which will leave a sum of ($1125.00) Eleven hundred and twenty-five dollars, to be deducted from my share and interest in the estate of my mother, Mrs. S. W. Holland after the death of the said Mrs. S. W. Holland, and the said eleven hundred and twenty-five dollars will be divided among the other heirs of the estate of said Mrs. S. W. Holland, To-wit: Gladys Holland, Santos J. Holland and Mrs. Raymond Ray, all of Burnet, Burnet County, Texas.

Signed

Mrs. Alta Holland Gibbs.

(Acknowledgment omitted by us)

Filed for Record August 22, 1928 at 9:30 A.M.
Recorded August 28, 1928 at 9:55 A.M.

H. F. Atkinson
Clerk, County Court
Burnet County, Texas."

———◆———

A brief summary of the facts leading up to this lawsuit is as follows: Appellant Conard Holland is the son and heir at law of S. W. Holland who died in 1907. His

mother was Etta Holland who died in 1963. The principal appellee is appellant's older sister, Mrs. Alta Holland Gibbs. The remaining appellees are his other sisters Gladys V. Holland and Nelle Fox and his brother Santos Holland. Santos Holland is deceased and is survived by two sons.

When S. W. Holland died in 1907, he was intestate, however he left farm and ranch lands constituting some 847 acres of land in Burnet County in addition to some personal property. There was no administration on the estate and S. W. Holland's wife, and the mother of the parties to this lawsuit, retained possession of the property until she died testate in 1963.

The testimony before the trial court reveals that in 1925 appellant needed money and entered into the above transaction with appellee Alta Holland Gibbs for the recited consideration of $1800 cash paid him by his sister. The testimony further reveals that there was additional consideration, not specified in the recited instrument, which consisted of appellee Alta Holland Gibbs' assumption of a $1500 debt owed the estate by appellant in addition to cancelling a debt of $250 owed Alta Holland Gibbs by appellant.

The crux of this lawsuit is the $1500 debt assumed by appellee Alta Holland Gibbs. Appellant maintains that he would never have made the trade in question had he known that his sister would not immediately pay the debt to the estate. Such payment, at that time, would have in fact constituted a payment to the parties' mother Etta Holland who was then alive. Appellee Alta Holland Gibbs maintains, and so testified at the trial, that it was her intention to pay this amount to the estate as described in the affidavit set out above.

Appellant and appellee Alta Holland Gibbs were the only witnesses on this point.

In 1933, the mother of the parties, Etta Holland, desired to obtain a loan on the real estate in Burnet County and in order to facilitate this loan all of her children, including the appellant herein, executed a deed to Etta Holland for whatever interest they might have had in the estate.

In 1933, Etta Holland executed a deed to appellee Alta Holland Gibbs for a $\frac{2}{5}$ interest to the estate in question reciting that $\frac{1}{5}$ was the portion purchased by appellee Alta Holland Gibbs from the appellant herein, the other $\frac{1}{5}$ being her portion as an heir.

Etta Holland died in 1963 leaving a will that devised the remainder of the estate to the remaining three heirs exclusive of appellant and appellee Alta Holland Gibbs.

After Etta Holland's death, appellee Alta Holland Gibbs paid each of the heirs, excluding herself and appellant, their pro rata part of the $1500 in question. As stated above, it is this portion of the consideration for the abovementioned conveyance in 1925 from appellant to his sister that forms the principal basis for this lawsuit.

In his findings of fact, the Court, after setting out the abovementioned deed, found that there was no evidence that appellant received any right, title or interest in and to the lands belonging to the estate from any source after the execution and delivery of the 1925 deed from appellant to his sister; that the abovementioned payment by appellee Alta Holland Gibbs satisfied the debt assumed by her in the abovementioned transaction with the appellant; that the preponderance of the evidence shows that the consideration agreed to be paid by Alta Holland Gibbs in the abovementioned transaction with appellant is not tainted by any fraud on the part of Alta Holland Gibbs (here follows findings bearing on the will of Etta Holland not pertinent here for the hereinafter described reasons); that in the abovementioned deed executed by all of the heirs of S. W. Holland, said heirs conveyed their entire interests in the estate to Etta Holland in fee simple.

Appellant is before this Court on nineteen points of error, the first nine thereof being briefed together. The gist of these nine points is that appellee Alta Holland Gibbs acted fraudulently in securing the deed from appellant set out above in this

opinion; the points of no evidence or the insufficiency of the evidence that the agreed consideration due appellant for his conveyance to appellee Alta Holland Gibbs had been fulfilled; that appellant's pleadings had raised certain presumptions of fraud that had not been overcome and adequately discharged by appellee Gibbs; that the trial court erred in giving any weight and credibility to the affidavit filed for record by Mrs. Gibbs and set out above in this opinion.

We overrule these points.

As we view this case, it is basically an action to set aside the conveyance in question because of fraud. Without establishing fraud, appellant's case must fail. We hold that had there been any fraud attendant to this transaction, this action would be barred by the four year statute of limitation, Art. 5529 Vernon's Ann.Civ.St. Appellant either knew or should have known that appellee Gibbs had not paid the estate the $1500; that any claim of fraud appellant might have had is barred by laches and stale demand; that there is ample evidence to support the judgment of the trial court that there was no fraud on the part of any of the parties to this case.

Appellant and appellee Gibbs were the only two witnesses on the question of the time and manner in which the $1500 that appellant owed the estate was to be paid.

Appellant testified that he thought appellee Alta Holland Gibbs had paid this debt to the estate before he conveyed his interest to her; that the fact that in 1933 his mother Etta Holland had to borrow money on the estate indicated her need for money. That if he had known his sister was going to delay this payment until after the death of his mother, he never would have entered into the transaction in question.

Appellee Alta Holland Gibbs, on the other hand, testified that she bought appellant's share of the estate at his suggestion, that her intention was to help him as he was the one who needed money at the time. She testified that when the transaction of 1925 was entered into appellant, Conard Holland, Etta Holland and appellee Gibbs understood that this debt was not to be paid until after Etta Holland's death. Mrs. Gibbs further testified that all of her sisters had known of this arrangement.

There is testimony from appellant himself that he knew a year before his mother's death that the $1500 had not been paid, however he did nothing further in this regard until after her death.

■ The law is well settled in this State that Art. 5529 Vernon's Ann.Civ.St. applies to suits to set aside a deed for fraud or failure of consideration. Fitchett v. Bustamente, Tex.Civ.App., 329 S.W.2d 920, writ ref., n. r. e.

In Sherman v. Sipper, 137 Tex. 85, 152 S.W.2d 319, the Supreme Court stated the rule as follows:

"Equally well settled is the rule that where a person has a right in property, and he claims fraudulent statements were made concerning the title to such property, when the records relating to such title are open to him he must exercise reasonable diligence to discover such defect; and if by the exercise of such diligence he could have discovered such defect and would have known of his right, he is held to have known it, and limitation will run against his claim from the time he could have made such discovery by the exercise of ordinary diligence."

■ Appellant had 38 years to find out whether the debt in question had been paid. In addition to the affidavit set out above in this opinion having been on record in Burnet County for some 35 years, he could have asked appellee Gibbs, his mother, Etta Holland, or any of his other sisters or brother. We hold as a matter of law under these facts that he either knew or should have known that the debt had not been paid before his mother's death.

We hold further that in addition no facts having been developed to excuse appellant's lack of diligence in pursuing the property before the right to do so was barred in law, he was also guilty of laches and not entitled in equity to have the conveyance set aside for fraud. See this Court's opinion in Central Nat. Bank of Waco v. Barclay, Tex. Civ.App., 254 S.W. 140.

We hold, further, that there was sufficient evidence before the trial court for his findings that the transaction in question was not tainted by fraud. Such evidence must be viewed in the light most favorable to the findings of the trial court. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359; Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R. 2d 1114.

Appellant has assigned error to the trial court's statement that it based its judgment on the instruments of record set out above. These included the above described affidavit which appellant refers to as a self-serving document. We overrule this point. A reviewing court will sustain a judgment if it is correct on any theory applicable to the record, regardless of whether the trial court gives correct legal reasons for its judgment. Maher v. Gonzalez, Tex.Civ.App., 380 S.W.2d 764.

Appellant's points ten through seventeen are briefed and argued together. These points (with the exception of No. seventeen discussed later herein) are either predicated upon an assumption of fraud or relate to the construction of Etta Holland's will. We have already disposed of the fraud issue. Since the trial court found, and we so hold, that appellant had no further interest in Etta Holland's estate or the estate of S. W. Holland and is not a devisee under the will, any further discussion of the will or its terms is superfluous.

Appellant's seventeenth point states that the evidence supports the conclusion that a relationship of trust and confidence existed between appellant and appellee Mrs. Gibbs, which was violated by her, and there is no evidence to the contrary; and the trial court erred in failing to so hold. We overrule this point and cite and affirm the findings of the trial court stated above.

Appellant's eighteenth point is the error of the trial court in failing to find and hold that the purported assignment between appellant and appellee Gibbs was a product of the mutual mistake of the parties. We overrule this point for the same reason assigned above relating to the findings of the trial court and all intendments relating thereto.

Appellant's nineteenth point is that neither adverse possession nor limitations can form the basis of a judgment against appellant in this case. We overrule this point. We do not base any portion of this opinion on the law of adverse possession and with respect to limitations, we refer to that portion of our opinion set out above stating the applicable law as we understand it.

We affirm the judgment of the trial court.