**NATIONAL RESORT COMMUNITIES, d/b/a N.R.C., Inc., Appellant,**

v.

**Mildred G. SHORT, Appellee.**

**No. 14530.**

Court of Appeals of Texas, Austin.

May 14, 1986.

Rehearing Denied July 2, 1986.

Joanne Summerhays, Barry Bishop, Clark, Thomas, Winters & Newton, Austin, for appellant.

Charles O. Grigson, Austin, for appellee.

Before SHANNON, C.J., and SMITH and GAMMAGE, JJ.

SHANNON, Chief Justice.

Mildred Short sued appellant National Resort Communities (NRC) in the district court of Travis County for damages for fraud in the sale of land. After trial to a jury, the district court rendered judgment for Short for $4,300 in actual damages and $25,000 in exemplary damages. This Court will reverse the judgment.

Short, a Tyler resident, was interested in buying a lot from NRC in its Bar-K Ranches subdivision, near Austin. On June 22, 1972, she purchased lot 7030 for $6,800. NRC's salesman allegedly represented to her that the street to her lot would be paved and that utilities would be available within two years.

Short came to Austin several times between 1972 and 1975. Sometime between those dates, she attempted to locate lot 7030. She drove about in the Bar-K Ranches subdivision looking for the lot; however, the immediate area was overgrown and she was unable to find the lot.

Short pleaded that on May 30, 1978, she visited the Bar-K Ranches subdivision and, at that time, she discovered that the street to her lot had not been paved and that utilities had not been put in place. Short filed suit for fraud on May 30, 1980. In

defense of the suit, NRC pleaded that her suit was barred by limitations.

The jury found that NRC represented that the street to Short's lot would be paved and the utilities would be in place within two years from the date of purchase; that NRC did not intend to pave or install the utilities at the time the representations were made; that the representations were material and were made with the intention that Short should act on them; and that Short relied upon the representations to her damage.

NRC filed a motion for judgment non obstante veredicto claiming, in the main, that under the undisputed facts Short's suit was barred by limitations and that Short did not tender special issues submitting a defense to limitations. The district court overruled the motion for judgment non obstante veredicto and, instead, rendered judgment for Short.

NRC claims that the district court erred in overruling its motion for judgment non obstante veredicto. In support of its claim, NRC asserts that Short's suit for fraud, as pleaded and proved, was barred by limitations and that Short, by failing to obtain a jury finding that she exercised reasonable diligence to discover that the street was not paved and the utilities were not in place, waived any defense to limitations.

Short, on the other hand, defends the judgment asserting that NRC had the burden to request an issue and obtain a jury finding to establish its limitations defense. Because NRC failed to do so, Short asserts that it waived its limitations defense. She argues:

> The fraud here occurred in 1972. In [Short's] pleadings and in the evidence adduced at the trial it was shown that

[Short] did not discover the fraud until May 31, 1978 (sic). Since [Short's] pleadings and proof were adequate to show why the fraud was not discovered within two years, it became [NRC's] duty to request an issue on limitations to the jury. By failing to do so and by failing to object to the charge for its failure to contain an issue on limitations, [NRC] waived this defense.

Suits for damages for fraud are governed by the two-year statute of limitations. Tex.Rev.Civ.Stat.Ann. art. 5526 (now codified as Texas Civil Practice and Remedies Code § 16.003); *Blondeau v. Sommer,* 139 S.W.2d 223 (Tex.Civ.App. 1940, writ ref'd); *National Resort Communities, Inc. v. Holleman,* 594 S.W.2d 195 (Tex.Civ.App.1980, writ ref'd n.r.e.).

Fraud will prevent the running of limitations only until such time as the fraud is discovered or by the exercise of reasonable diligence should have been discovered. *Sherman v. Sipper,* 137 Tex. 85, 152 S.W.2d 319 (1941). The party seeking to suspend the running of limitations has the burden to plead and prove that he comes within this so-called "discovery" rule. *Sherman v. Sipper, supra; See Weaver v. Witt,* 561 S.W.2d 792 (Tex.1977); *Wise v. Anderson,* 163 Tex. 608, 359 S.W.2d 876 (1962); *Compare: Intermedics v. Grady,* 683 S.W.2d 842 (Tex.App.1984, writ ref'd n.r.e.); *Hoffman v. Wall,* 602 S.W.2d 324 (Tex.Civ.App.1980, writ ref'd n.r.e.).

■ Although Short insists to the contrary, and the opinions are not entirely free from ambiguity,[1] this Court has concluded that the party seeking to suspend the running of limitations has the burden to obtain a jury finding to the effect that he did not discover the fraud which he claimed was

---

1. Such ambiguity is well illustrated by *Smith v. Knight,* 608 S.W.2d 165, 166 (Tex.1980) and *Weaver v. Witt,* 561 S.W.2d 792, 794 (Tex.1977). *Weaver* states that the discovery rule "is not a plea of confession and avoidance of the statute of limitations," but *Smith* states the contrary: "the client had failed to meet his summary judgment burden of pleading and proof of the 'dis-

covery rule' as an affirmative defense to the statute of limitations." A "plea of confession and avoidance" and an "affirmative defense" are one and the same. *See* Tex.R.Civ.P.Ann. 94, requiring specific pleading of various enumerated defenses and "any other matter constituting an *avoidance or affirmative defense.*"

perpetrated on him and that by the exercise of reasonable diligence he could not have uncovered the fraud until after limitations had run. *Redurn v. Shield*, 338 S.W.2d 323 (Tex.Civ.App.1960, writ dism'd); *see Haddad v. Boon*, 609 S.W.2d 609 (Tex.Civ. App.1980, writ ref'd n.r.e.). As may be noted in the quote from Short's brief, she undertook to plead and produce evidence explaining why she did not discover the fraud for two years. Generally, the burden of persuasion rests upon the party who has the burden of pleading and burden of producing evidence on the matter in question. Hodges, Special Issue Submission in Texas § 29 (1959 and Supp.1969). Moreover, Short could more easily prove why she did not discover the claimed fraud than could NRC.

Short's pleading and proof was that she did not discover the fraud until May 30, 1978. She had not been near the Bar-K Ranches subdivision very often since she bought the lot. In fact, she testified that she had been there only twice between 1972 and 1978. On one of the trips, she testified that she had driven about looking for her lot but was unable to discover it. Certainly, it may not be concluded, as a matter of law, that Short only discovered the fraud on May 30, 1978, and that she had exercised reasonable diligence in seeking to discover the fraud. To the contrary, these were matters to be determined by the trier-of-fact.

The burden was on Short to request issues and obtain jury findings concerning discovery of the fraud and concerning her diligence in uncovering the fraud. No special issues were requested or submitted to the jury upon this subject. Short's failure to do so constituted a waiver of her defense against the bar of limitations. Tex.R.Civ. P.Ann. 279 (1977).

The judgment is reversed and judgment is here rendered that Short take nothing.

SMITH, J., did not participate.