Terrance STEWART, et al., Appellants,

v.

CITY OF AUSTIN, et al., Appellees.

No. 3–87–074–CV.

Court of Appeals of Texas,
Austin.

Jan. 20, 1988.
Rehearing Denied Feb. 24, 1988.

Sue Wall, Womack & McClish, P.C., Austin, for appellants.

Gary A. Thornton, Small, Craig & Werkenthin, Austin, for appellees.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

SHANNON, Chief Justice.

Appellants, former owners of Fayette County real property, sued appellees Lower Colorado River Authority and City of Austin in the district court of Fayette County. By their suit, appellants sought, "alternatively and in combination," damages, reformation or rescission and cancellation of deeds to mineral estates formerly owned by them. The district court rendered summary judgment that appellants take nothing. This Court will affirm the judgment.

The summary judgment proof showed that in 1974 appellees determined to construct an electric generating plant in Fayette County. Within approximately one year, appellees obtained for the site more than six thousand acres in fee by deed or by proceedings in eminent domain. Appellees deemed it necessary to acquire in fee those tracts with unsevered mineral rights to protect against uncontrolled drilling or other mineral recovery efforts.

For those appellants who chose to proceed in eminent domain, the special commissioners made awards in 1975 or 1976 and all of those landowners drew down those awards from the registry of the court. In that connection, appellants do not dispute the fact that the trial court signed orders allowing the withdrawals, along with final judgments and dismissal orders.

In 1981, appellees leased for oil and gas exploration certain acreage of the plant site not then immediately scheduled for additional phases of plant construction. After mineral production was obtained at the plant site, appellants' interest in their former mineral estates quickened and they filed suit in June 1983.

By their suit, appellants sought, in the main, to recover the mineral interests previously conveyed by them by deed or taken from them by judgment in eminent domain proceedings. As this Court understands, appellants' theories for recovery were several: (1) mutual mistake by the parties as to the value of the mineral interests and as to appellees' legal right "to condemn the mineral estates in their entirety"; (2) fraud by appellees in misrepresenting to appellants that appellees had a legal right "to condemn the mineral estates in their entirety" and fraud in misrepresenting that the mineral estates were of nominal value; (3) appellees' failure to enter into good faith negotiations; (4) appellees' failure to use the mineral estates "for a public purpose"; and (5) appellees' exercise of duress in obtaining the mineral estates.

Appellees moved for summary judgment, asserting inter alia, that appellants' suit was barred by limitations or res judicata depending upon whether the particular landowner conveyed by deed or whether he proceeded in eminent domain.

This Court affirms the summary judgment as to those appellants who conveyed their property by deed upon the basis that their claims were barred by limitations. We affirm the summary judgment as to those appellants who proceeded in eminent domain upon the ground that their claims were barred by res judicata.

Appellees urge that the district court properly granted summary judgment based upon limitations. In support of their argument, appellees suggest that the summary judgment proof conclusively established that appellants' claims based upon fraud, mutual mistake, and duress were barred by limitations.

Suits for damages for fraud are governed by the two-year statute of limitations. Tex.Rev.Civ.Stat.Ann. art. 5526 (now codified as Texas Civil Practice and Remedies Code § 16.003); *Blondeau v. Sommer*, 139 S.W.2d 223 (Tex.Civ.App. 1940, writ ref'd); *National Resort Com-*

*munities, Inc. v. Short,* 712 S.W.2d 200 (Tex.App.1986, writ ref'd n.r.e.); *National Resort Communities, Inc. v. Holleman,* 594 S.W.2d 195 (Tex.Civ.App.1980, writ ref'd n.r.e.). Suits for rescission or reformation predicated upon fraud (or its species, duress) and mutual mistake are governed by the four-year statute of limitations. Tex.Rev.Civ.Stat.Ann. art. 5529 (now codified as Texas Civil Practice and Remedies Code § 16.051); *see Sullivan v. Barnett,* 471 S.W.2d 39 (Tex.1971); *Hall v. Miller,* 147 S.W.2d 266 (Tex.Civ.App.1941, writ dism'd).

In support of their limitations defense, appellees brought forward summary judgment proof showing that they took fee title by deed during 1975 and that some eight years later in June 1983 appellants filed their suit.

If the claimed fraud or mutual mistake about which appellants complained occurred at all, it occurred at the time appellants conveyed fee title to appellees. Nevertheless, the statute of limitations begins to run in mistake and fraud cases when the mistake or fraud was, or in the exercise of reasonable diligence should have been, discovered. *McClung v. Lawrence,* 430 S.W.2d 179 (Tex.1968); *Sherman v. Sipper,* 137 Tex. 85, 152 S.W.2d 319 (1941).

Appellants sought to employ the discovery rule to avoid appellees' limitations defense. Although appellants insist to the contrary, and, admittedly, the opinions are not entirely free from ambiguity, this Court has concluded that appellants had the burden to plead and prove that they came within the "discovery" rule and thereby suspend the running of limitations. *Smith v. Knight,* 608 S.W.2d 165, 166 (Tex. 1980); *Sherman v. Sipper, supra; National Resort Communities v. Short, supra; compare Weaver v. Witt,* 561 S.W.2d 792, 794 (Tex.1977); *Gregg v. Galo,* 720 S.W.2d 116 (Tex.App.1986, no writ); *Intermedics v. Grady,* 683 S.W.2d 842 (Tex. App.1984, writ ref'd n.r.e.); *Hoffman v. Wall,* 602 S.W.2d 324 (Tex.Civ.App.1980, writ ref'd n.r.e.).

■ Usually, a defendant who seeks a summary judgment on the theory that the plaintiff's suit is without merit has the burden of establishing, as a matter of law, that there is no genuine issue of fact as to one or more essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex. 1970). The cause in this appeal, however, is not that type of suit; here, appellees' summary judgment evidence established the affirmative defense of limitations as a matter of law. In this situation, the *Gibbs* rule did not impose the burden on the appellees to negate appellants' defensive plea to limitations; rather, the burden was on appellants if they wished to avoid the granting of summary judgment against them to marshal summary judgment evidence in support of their "discovery rule" defense. *"Moore" Burger, Inc. v. Phillips Petroleum Company,* 492 S.W.2d 934, 936 (Tex.1973).

■ Appellants, in their response to the summary judgment, did indeed plead that they were not aware of appellees' claimed fraud or of the claimed mutual mistake before the oil and gas leases were made in 1981. Appellants *did not,* however, adduce summary judgment proof in support of that contention. Accordingly, the district court correctly rendered summary judgment for appellees because appellants failed to discharge their burden by marshaling summary judgment evidence in support of their "discovery rule" defense to limitations. *"Moore" Burger, Inc. v. Phillips Petroleum Company, supra.* The points of error are overruled.

■ The claims of those appellants who proceeded in eminent domain are barred by res judicata. The Latin phrase "res judicata" means that the matter has been adjudged, a thing judicially determined, or a matter settled by judgment. The principle of res judicata is an old one founded upon public policy. Its function is to expedite justice by putting an end to litigation and to preserve the sanctity of judgments. *Abbot Laboratories v. Gravis,* 470 S.W.2d 639 (Tex.1971). The rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence,

might have been tried in a former action as well as those which were actually tried. *Ogletree v. Crates,* 363 S.W.2d 431 (Tex. 1963); Restatement of Judgments 159, Introductory Notes to Section 41. Stated differently, a party cannot relitigate matters which he might have interposed, but failed to do so, in an action between the same parties or their privies in reference to the same subject matter. *Freeman v. McAninch,* 87 Tex. 132, 27 S.W. 97 (1894); *Abbot Laboratories v. Gravis, supra.*

 Instead of drawing down the awards of the special commissioners, the several appellants could have pursued their claims in eminent domain and could have there tried out their contentions that appellees lacked authority to condemn the mineral estates and that appellees had failed to bargain in good faith for the purchase of the property. By drawing down the special commissioners' awards appellants consented, however, to appellees' taking and could not thereafter contend in eminent domain that the taking was unlawful. *State v. Jackson,* 388 S.W.2d 924 (Tex.1965). After suffering the rendition of final judgments in eminent domain, by consent or otherwise, appellants could not then successfully question the authority of the taking in the present lawsuit. *Abbot Laboratories v. Gravis, supra.*

The judgment is affirmed.