**Thelma Clary VANCE, et al.,
Appellants,**

v.

**Melvin BELL and Wife, Helen Clary
Bell, et al., Appellees.**

No. 3–89–213–CV.

Court of Appeals of Texas,
Austin.

Oct. 17, 1990.

Bradley C. Miles, San Angelo, for appellants.

Aaron Goldberg, San Angelo, for appellees.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

## ON MOTION FOR REHEARING

SHANNON, Chief Justice.

This Court's opinion handed down on August 8, 1990, is withdrawn and this opinion is handed down in its place.

Appellants [1] seek to set aside a take-nothing summary judgment rendered by the district court of Runnels County. This Court will reverse the judgment and remand the cause.

On August 23, 1988, appellants filed suit seeking to set aside a partition deed conveying certain land in which the present parties claimed an interest. The partition deed was executed on January 10, 1967. By their suit, appellants complained that they had signed a "ratification instrument" ratifying the partition deed only because of

certain alleged fraudulent representations. Appellants claim that they were duped into signing the ratification instrument by appellee, Melvin Bell. Appellants assert that Bell told them they were signing an agreement not to contest Bell's serving as independent executor of their father's estate. After obtaining the appellants' signatures on February 14, 1967, appellee Bell then filed the ratification document, along with the partition agreement, in the deed records of Runnels County.

Appellants, by their suit, sought a judgment declaring the partition deed invalid as to the premises conveyed to appellees Bell. Appellants also sought a declaration that the parties were tenants in common as to the surface and mineral estates. Finally, appellants sought judgment that appellees Bell account for oil and gas royalties received by them from production from the premises.

Appellees appeared and simultaneously filed their motion for summary judgment. Appellees asserted that the summary judgment proof conclusively established that appellants' suit for fraud was barred by the four-year statute of limitations. In that connection, the partition deed was executed on January 10, 1967, and the ratification instrument was signed February 14, 1967. Twenty-one years later, on August 23, 1988, appellants filed their suit. After hearing, the district court rendered judgment that appellants take nothing.

■ The four-year statute of limitations governs suits for damages for fraud. *Williams v. Khalaf,* 33 Tex.Sup.Ct.J. 354, 355–56 (March 28, 1990). Suits for rescission or reformation predicated upon fraud are likewise governed by the four-year statute of limitations. Tex.Civ.Prac. & Rem.Code Ann. § 16.051 (1986); *see Hall v. Miller,* 147 S.W.2d 266, 269 (Tex.Civ. App.1941, writ dism'd).

■ If the claimed fraud about which appellants complained occurred at all, it occurred at the time the ratification instrument was executed. Nevertheless, the

1. Appellants are Thelma Clary Vance, Dorothy Clary Scott, Lucille Clary Hagelstein, and Raymond A. Clary. Appellees are Melvin Bell and Helen Clary Bell, husband and wife, and Other Clary. All of the parties are related by blood or marriage.

statute of limitations begins to run in fraud cases only when the fraud was, or in the exercise of reasonable diligence should have been, discovered. *Sherman v. Sipper*, 152 S.W.2d 319, 321 (Tex.1941). In their summary judgment response, appellants did not plead the discovery rule nor did they adduce summary judgment proof concerning their discovery of the claimed fraud.

On appeal, appellants seek to employ the discovery rule to avoid appellees' limitation defense. Appellants claim that on summary judgment it was *appellees'* burden to conclusively negate application of the discovery rule. *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex.1990); *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517–18 (Tex. 1988).

Relying on *Stewart v. City of Austin*, 744 S.W.2d 682 (Tex.App.1988, writ ref'd), appellees urge that it was not their burden to negate appellants' defensive plea to limitations (discovery rule); instead, appellees assert that the burden was on appellants, if they wished to avoid the granting of summary judgment against them, to marshal summary judgment evidence in support of their discovery rule defense. *Id.* at 684.

■ Appellees correctly state the law as announced in *Stewart* and urge its application in support of the summary judgment. The supreme court refused application for writ of error in *Stewart* on July 13, 1988. When the supreme court refuses an application for writ of error, that court gives full approval to the opinion of the court of appeals and makes the opinion of the court of appeals as authoritative as one of its own opinions. *Biggers v. Continental Bus System*, 157 Tex. 351, 303 S.W.2d 359, 364 (1957).

Nonetheless, the authority of *Stewart* was ephemeral. Less than five months after the supreme court refused application in *Stewart*, it handed down *Woods*, 769 S.W.2d 515. In footnote 2 of the opinion, the court remarked, in *dictum*, "Thus in a summary judgment setting, the burden rests upon the movant not only to plead limitations, but also to negate the discovery rule." *Id.* at 518, n. 2.

Finally, in 1990, the supreme court in *Burns*, 786 S.W.2d 266, observed in footnote 2 that *Stewart* had been "effectively overruled by this Court's decision [the *dictum* in footnote 2] in *Woods v. Mercer*." Upon this foundation, the supreme court stated the rule as follows:

> A defendant seeking summary judgment on the basis of limitations must prove when the cause of action accrued and must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury.

*Id.* at 267, n. 2.

■ Under the law, at this sitting, appellees had the burden to conclusively establish when appellants discovered, or should have discovered, the claimed fraud. Appellees argue that, even if they have that burden, they met it. They claim that appellants discovered, or should have discovered, the claimed fraud when they signed the ratification instrument or at least when that writing was recorded. Appellees discharged that burden, they say, by attaching the ratification instrument to their motion for summary judgment. We do not agree.

■ It is true that one is charged with constructive knowledge of the actual knowledge that one could gain by an examination of the public records. *Mooney v. Harlin*, 622 S.W.2d 83 (Tex.1981). Such constructive notice, however, is limited to facts reflected by the face of the records. Accordingly, if the claimed fraud occurred in the *inducement*, recordation of the document does not, of itself, give notice of the fraud. *Clark v. Snider*, 738 S.W.2d 49 (Tex.App.1987, no writ). Finally, this Court is mindful of the general proposition that whether one has exercised due diligence in discovering fraud is ordinarily a fact question. *Ruebeck v. Hunt*, 142 Tex. 167, 176 S.W.2d 738 (1944).

The summary judgment is reversed and the cause is remanded to district court.