821 S.W.2d 442 (1991)
Maria LUNA, Individually and as Next Friend of San Juanita Luna, a Minor and Elvira A. Sanchez, Individually and as Next Friend of Elvira Sanchez, a Minor, Appellants,
v.
HARLINGEN CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Appellee.
No. 13-91-258-CV.
Court of Appeals of Texas, Corpus Christi.
December 19, 1991.
Rehearing Overruled January 30, 1992.
*443 Randall P. Crane, San Benito, for appellants.
Christopher H. Boswell, Stapleton, Whittington & Curtis, Harlingen, for appellee.
Before NYE, C.J., and BISSETT[1] and SEERDEN, JJ.

OPINION
BISSETT, Justice.
This is an appeal by Maria Luna, individually and as next friend of San Juanita Luna, a minor, and Elvira A. Sanchez, individually and as next friend of Elvira Sanchez, a minor, plaintiffs in the trial court, from a summary judgment in favor of Harlingen Independent School District. We affirm.
Appellants alleged, and the summary judgment proof established conclusively, that the minor children, San Juanita Luna and Elvira Sanchez, were waiting at a school bus "stop" to be picked up by appellee's school bus, when they were struck by a motor vehicle then being driven by a third person. The children sustained severe injuries and appellants sued to recover damages for such injuries. Appellants, in particular, alleged:
On or about September 29, 1988, at approximately 7:45 a.m., Plaintiffs San Juanita Luna and Elvira Sanchez were waiting to be picked up by the school bus at Teege and Norma Road, in Cameron County, Texas, when suddenly and unexpectedly they were struck by a motor vehicle. The children had to wait for the school bus by standing in the traffic lane on Teege Road since the roads soft shoulder did not allow them to wait a safe distance away. The accident in question resulted in severe physical injuries to both Plaintiffs.
Plaintiff alleges that Defendant, its agents, servants, and employees negligently planned the points at which school children were picked up on bus routes since it was known or should have been known of the dangers that would be encountered if children were not provided "bus stops" a safe distance away from the traveled roadway. Defendant, its agents, servants, and employees knew, or in the exercise of ordinary care, should have known of the existence of the danger and that there was a likelihood that if the children stood in the traffic lane, that there was a likelihood that the children would be injured, as happened to Plaintiffs, San Juanita Luna and Elvira Sanchez.
Concerning the specific acts and omissions constituting negligence on the part of Harlingen Consolidated Independent School District, hereafter "appellee," appellant alleged (in summary) that appellee was negligent in the following particulars: 1) in failing to provide a safe place for children to stand while they waited for the school bus, 2) in failing to properly post signs to warn that the area was a school bus loading area, 3) in failing to have the bus driver stop all traffic on both sides of the street to allow the children to board safely, and 4) in *444 allowing the children to wait for the school bus in the traffic lane.
Summary judgment proof conclusively showed: 1) the minor children involved in this case were struck by a private motor vehicle driven by a third party, Librada Villegas, on September 29, 1988, 2) the children were waiting to be picked up by the school bus at Teege and Norma Roads, 3) the school bus had not yet arrived when the children were struck, 4) no school bus had any contact with the children, since they were still waiting to be picked up at the time of the accident, 5) the school bus was not involved in the occurrence made the basis of this suit, 6) the minor children had not boarded a school bus, nor were they disembarking from a school bus when they were struck by the Villegas' motor vehicle, 7) the bus stop at which the children waited had recently been moved from one side of the street to facilitate the bus driver in picking the children up on his route, 8) the new location of the bus stop required the children to wait for the bus by standing in the oncoming traffic lane of Teege Road, or immediately next to that lane, since the soft shoulder of the road did not provide an area a safe distance from the road for them to stand, 9) the accident resulted in serious personal injuries to both children, and 10) appellee is a consolidated independent school district, a political subdivision within the State of Texas.
To be entitled to summary judgment, the movant must conclusively prove that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. MMP., Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex.1986). Generally, a defendant who seeks summary judgment, as is the case here, has the burden to establish, as a matter of law, that there is no genuine issue of material fact as to one or more essential elements of the plaintiffs cause of action or to establish his affirmative defense to plaintiff's cause of action as a matter of law. Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex.1970); Stewart v. City of Austin, 744 S.W.2d 682, 684 (Tex.AppAustin 1988, writ refd).
Appellee set up governmental immunity under the Texas Tort Claims Act as an affirmative defense to appellants' cause of action. School districts are excluded from exposure to liability for personal injuries suffered by third parties caused by the torts of the district, its officials, agents, servants and employees by the Texas Tort Claims Act, except as to the operation and use of motor vehicles. TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.021, 101.051 (Vernon 1986). Section 101.021 of the Act (Code) provides in relevant part:
A governmental unit in the State is liable for:
(1) property damage, personal injury and death proximately caused by the wrongful act or omission of the negligence of an employee acting within his scope of employment if: (a) the property damage, personal injury or death arises from the operation or use of a motor vehicle or motor driven equipment; ... [Emphasis supplied].
Section 101.051 of the Act provides in pertinent part:
Except as to motor vehicles, this Chapter (101) does not apply to a school district
...
This case does not involve negligence on the part of an employee of appellee arising from the operation or use of a motor vehicle. In fact, appellants did not even allege in the trial court that the negligence arose out of such use. Appellants' claims of poor planning and layout of the bus stop location clearly fall within the governmental function of appellee, and as such, the Doctrine of Governmental Immunity applies. The claims of poor planning and layout of the bus stop location do not constitute an operation or use of a motor vehicle as appellants argue.
The courts have already addressed a number of cases involving similar fact situations common to those in the case at bar. In Estate of Garza v. McAllen Indep. School Dist, 613 S.W.2d 526, 527 (Tex.Civ. App.Beaumont 1981, writ refd n.r.e.), the Court addressed allegations of negligence related to the direction, control and supervision of students, rather than the *445 negligent use of motor vehicle itself. There, Wally Garza was killed when Mark Trevino used a knife to stab Garza while on the school bus. Garza's Estate sought to hold the school district liable because the bus driver and school officials failed to enforce regulations governing the use of school buses by non-students and in failing to control and discipline the behavior of the bus' occupants. The trial court held that such allegations did not relate to the use or operation of a motor vehicle, and the Court of Appeals affirmed the summary judgment granted by the trial court in favor of the defendant school district.
Similarly, in Heyer v. North East Indep. School Dist, 730 S.W.2d 130 (Tex.App. San Antonio 1987, writ refd n.r.e.), the Court affirmed the summary judgment granted to the school district upon facts involving a student who received severe personal injuries while she was waiting at the school to board her bus transportation home in an area designated by the school. The plaintiffs minor child, Kristen Heyer, was struck when a fellow student was leaving the parking lot in his vehicle, which was permitted on the premises. As in the case at bar, the allegations contained in Heyer were of negligence against the school district related to the control and supervision of the waiting area, students, and the traffic. The vehicle causing the accident was not owned or operated by any agent of the school district. The Court of Appeals held that such facts do not amount to acts or omissions arising from the operation or use of a motor vehicle contemplated by the Texas Tort Claims Act.
Furthermore, the Texas Supreme Court has also addressed this issue in Mount Pleasant Indep. School Dist. v. Estate of Lindburg, 766 S.W.2d 208 (Tex.1989). In that case, a child was struck by a motor vehicle after disembarking from the school bus. The evidence showed that the bus was 100 to 200 yards from the scene of the accident. Under those facts, the Supreme Court held that the evidence did not show, as a matter of law, that the injury was caused by the operation or use of a motor driven vehicle.
The only question in this case is whether appellee is exempt from liability under the Doctrine of Governmental Immunity. As appears from the foregoing statutes and cases, we conclude that appellee is exempt from liability for the injuries sustained by the children. The terms "operation" or "use" are limited in meaning. The summary judgment evidence demonstrates that none of the injuries arose from the "operation" or "use" of a school bus. The Texas Tort Claims Act does not define the words "use" or "operation"; therefore, the common and ordinary meaning should be applied. Satterfield v. Satterfield, 448 S.W.2d 456, 459 (Tex.1969). The courts and Webster's New 20th Century Dictionary, Second Edition, define the word "use" as meaning "to put or bring into action or service; to employ or apply to a given purpose." See Beggs v. Texas Dept. of Mental Health & Mental Retardation, 496 S.W.2d 252, 254 (Tex.Civ.App.San Antonio 1973, writ refd). Webster's 7th New Collegiate Dictionary defines the word "operation" as "a doing or performing of a practical work or of something involving a practical application of principles or processes," and the word "use" as meaning "the act or practice of employing something." See also, Jackson v. City of Corpus Christi, 484 S.W.2d 806, 809 (Tex. Civ.App.Corpus Christi 1972, writ refd n.r.e.). To overcome governmental immunity in the case before us in this appeal it must be shown by the appellants that the damages were proximately caused by the negligence or wrongful act or omission of an officer or employee of appellee acting within the scope of his authority, arising from the operation of a motor vehicle. Appellants did not meet that burden.
Unquestionably, the summary judgment proof does not show that the use or operation of a motor driven vehicle operated by an employee of appellee was the proximate cause of the injuries to appellants' minor children. There are no allegations to suggest such use, and the undisputed facts do not support such a conclusion. The allegations contained in Plaintiffs' First Amended Original Petition show conclusively that the acts, or omissions, of appellee were governmental *446 functions, and liability in damages resulting from such acts or omissions is barred by the Texas Tort Claims Act.
The trial court properly granted appellee's motion for summary judgment because the uncontradicted summary judgment evidence established that there are no disputes as to material facts, and that appellants' suit was barred as a matter of law by the Doctrine of Governmental Immunity and the Texas Tort Claims Act.
The judgment of the trial court is affirmed.
NOTES
[1] Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOVT CODE ANN. § 74.003 (Vernon 1988).