Richie - final 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 





NO. 3-93-137-CV





SHELDON E. RICHIE AND ELLEN RICHIE,



 
 APPELLANTS


vs.





BLACK, ATKINSON, VERNOOY AND D. ANDREW VERNOOY,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 92-16367, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING



 





 This is a summary-judgment case. The underlying dispute involves alleged design
defects in a custom-built home. Appellants Sheldon E. Richie and Ellen Richie allege that
appellees Black, Atkinson, Vernooy and D. Andrew Vernooy provided inadequate architectural
plans for the Richies' home. The trial court rendered summary judgment in favor of appellees
on limitations grounds. We will affirm the trial court's judgment.



BACKGROUND


 In 1983, the Richies retained Black, Atkinson, Vernooy, an architectural firm, to
design their home. The firm provided the architectural drawings of the home in October 1984. 
Construction of the home took place in 1984 and 1985. When the home was completed in August
1985, the Richies moved in. Soon thereafter, problems with the home appeared. Extensive water
leakage caused damage to walls, floors, and furnishings.

 In October 1985, the Richies hired a construction firm to make repairs and
determine the cause of the leaks. This firm determined that the leaks were the result of shoddy
construction and attempted to make repairs. Despite the remedial work, the leaks continued. On
May 27, 1986, Mr. Richie wrote a letter to Mr. Vernooy refusing to make any further payments
to Black, Atkinson, Vernooy. He related to Mr. Vernooy that he was having many problems with
the construction of the home. He specifically mentioned that the home leaked profusely. In the
letter, he stated, "In my letter [a prior correspondence] I indicated to you my discomfort with the
lack of completeness of the [architectural] plans which I feel has contributed to most, if not all,
of our problems at our home." He also stated, "As soon as I have determined the complete extent
of damage to our home occasioned by the lack of architectural detail on the plans, I will notify
you requesting contribution." Mr. Richie clarified his complaint in a letter sent to Mr. Vernooy
in November 1986. He asserted that the plans had:



1. No designation of the quality of construction pursuant to which the home
was to be constructed;


2. No structural detail;


3. No construction detail; [and]


4. No roof structural detail.



There was no further communication about the matter between the parties until 1991.

 Meanwhile, in 1990, the Richies hired a second construction firm. This firm
diagnosed the leaks as the result of improperly sealed roof materials and made appropriate repairs. 
Again, the repairs were ineffective in stopping the leaks. In 1991, the Richies hired an architect
to assist in determining the source of the leaks. In the course of the investigation, the Richies
removed exterior siding and the underlying plywood from the house. Upon the removal of these
materials, in early 1992, the consulting architect determined that inadequate structural elements
were the likely cause of the leaks. 

 In December 1992, the Richies filed the lawsuit against Black, Atkinson, Vernooy
and D. Andrew Vernooy (collectively, the "architects") alleging breach of contract, breach of
warranty, negligence, intentional misrepresentation or fraud, negligent misrepresentation,
deceptive trade practices, and intentional or negligent infliction of emotional distress. The factual
bases of all the causes of action were that the architectural plans failed to provide adequate support
for the walls of the home. This deficiency, when incorporated into the completed house, allowed
the walls to expand and contract with weather changes resulting in gaps in the siding. These gaps
enabled water to leak into the home, causing the complained-of damage.

 The architects moved for summary judgment on the sole ground that all causes of
action were barred by either the two or four year statute of limitations. See Tex. Civ. Prac. &
Rem. Code Ann. §§ 16.003, 16.004, 16.051 (West 1986). The trial court granted summary
judgment in favor of the architects and set out its rationale in a separate written order. By a single
point of error, the Richies appeal.



DISCUSSION


 The question on appeal is not whether the summary-judgment proof raises a fact
issue, but whether the summary-judgment proof establishes as a matter of law that no genuine
issues of material fact exist as to one or more of the essential elements of the plaintiff's cause of
action. Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970). In deciding whether
a disputed material fact issue precluding summary judgment exists, evidence favorable to the
nonmovant will be taken as true; every reasonable inference must be indulged in favor of the
nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985).

 In their motion, the architects asserted that the summary-judgment proof
conclusively established that the Richies discovered the injury more than four years before they
filed suit, and that therefore all causes of action were barred by the statute of limitations. As
summary-judgment proof, the architects relied on Mr. Vernooy's affidavit and several letters of
correspondence between Mr. Vernooy and Mr. Richie, including the letter Mr. Richie sent Mr.
Vernooy dated May 27, 1986. 

 In their petition, the Richies pled the application of the discovery rule to their cause
of action against the architects. When applicable, the discovery rule provides that the limitations
period runs from the date the plaintiff discovers or should have discovered, in the exercise of
reasonable care and diligence, the nature of its injury. Gaddis v. Smith, 417 S.W.2d 577, 578
(Tex. 1967). In their response to the summary-judgment motion, the Richies asserted that their
claims were not barred because they did not discover the design deficiencies until 1992. In his
attached affidavit, Mr. Richie denied any knowledge of the structural defects until 1992, and
stated that his references in his letters dated August 30, 1985, May 27, 1986, and November 17,
1986, related to other problems with the house. 

 When the discovery rule applies to a cause of action, a defendant seeking summary
judgment on the basis of limitations must prove when the cause of action accrued and must negate
the discovery rule by proving as a matter of law that no genuine issue of fact exists as to when
the plaintiff discovered or, in the exercise of reasonable diligence, should have discovered the
nature of the injury. Burns v. Thomas, 786 S.W.2d 266, 267 (Tex. 1990); Woods v. Mercer, 769
S.W.2d 515, 518 n.2 (Tex. 1988); Weaver v. Witt, 561 S.W.2d 792 (Tex. 1977). The architects
argue that the Richies' claims are barred because they knew of their injury and the alleged cause
of the injury in 1986, over six years before the Richies filed suit.

 The discovery rule applies only to causes of action that can be characterized as
inherently undiscoverable. American Centennial Ins. Co. v. Canal Ins. Co., 810 S.W.2d 246,
255 (Tex. App.--Houston [1st Dist.] 1991, no writ). The Richies claim that the discovery rule is
applicable because the nature of the deficiencies in the design plans were hidden in the inner
recesses of the walls of their home. Assuming that the discovery rule applies, we conclude that
Mr. Richie's May 27, 1986 letter conclusively negates any issue of material fact under the
discovery rule.

 Under the discovery rule, the limitations period is tolled until the plaintiff
"discovers or, in the exercise of reasonable diligence, should have discovered the nature of his
injury." Burns, 786 S.W.2d at 267 (emphasis added); Vance v. Bell, 797 S.W.2d 403, 405 (Tex.
App.--Austin 1990, no writ). There is a split of authority as to when the cause of action accrues
under the discovery rule. See Fort Worth Mortgage Corp. v. Abercrombie, 835 S.W.2d 262, 264
(Tex. App.--Houston [14th Dist.] 1992, no writ) (cause of action accrues when plaintiff discovers
injury and its cause); Arabian Shield Dev. Co. v. Hunt, 808 S.W.2d 577, 583 (Tex. App.--Dallas
1991, writ denied) (cause of action accrues when harm is done and victim knows or should know
cause-in-fact of the harm); Allen v. Roddis Lumber & Veneer Co., 796 S.W.2d 758, 761 (Tex.
App.--Corpus Christi 1990, writ denied) (cause of action accrues when plaintiff discovers injury
and its cause); Coody v. A.H. Robins Co., Inc., 696 S.W.2d 154, 156 (Tex. App.--San Antonio
1985, writ dism'd by agr.) (discovery rule applies to discovery of only injury itself). 

 The caselaw is clear, however, that it is not necessary for the plaintiff to know of
all elements of his cause of action. Hoover v. Gregory, 835 S.W.2d 668, 671-672 (Tex.
App.--Dallas 1992, writ denied). The discovery rule also does not toll the limitations period until
the full extent of damages is discovered. Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826,
828 (Tex. 1990). Finally, the discovery rule does not toll the limitations period until the
wrongdoer is identified. Russell v. Ingersoll-Rand Co., 841 S.W.2d 343, 344 n.3 (Tex. 1992).

 Even under the broadest extension of the discovery rule, that the plaintiff must
know of the injury and its cause, the architects have met their burden. The letter written by Mr.
Richie, dated May 27, 1986, stated, "We are presently living in a home that leaks profusely."
This statement demonstrates that the Richies were most definitely aware of the waterleaks in the
house. The letter also states that Mr. Richie claimed that the architectural plans contributed to
most of the Richies' problems, thus indicating that the Richies, as early as 1986, believed that
inadequacies in the architects' plans caused the damages. Thus, the summary-judgment proof
conclusively shows that the Richies knew of the injury and complained of the cause that ultimately
formed the basis of their lawsuit, no later than May 1986.



CONCLUSION


 Because the Richies did not file suit until December 1992, over six years after the
cause of action accrued, the Richies' claims are barred by the statute of limitations. The Richies'
point of error is overruled, and we affirm the trial court's judgment.



 

 Jimmy Carroll, Chief Justice


Before Chief Justice Carroll, Justices Aboussie and Jones


Affirmed


Filed: September 15, 1993


Do Not Publish