**In the Matter of the Estate of Edward John MATEJEK, Deceased.**

No. 13–95–402–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 22, 1996.

Rehearing Overruled Sept. 19, 1996.

James Thomas Fletcher, Houston, for appellant.

Kenneth E. Kvinta, Yoakum, for appellee.

Before FEDERICO G. HINOJOSA, Jr., YANEZ and KENNEDY[1], JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellant, Agnes Evans, seeks to void a deed she gave her son, Edward John Matejek. Appellant sued appellee, Ann Gold Matejek, Independent Executrix of the Estate of Edward John Matejek. Appellant alleged 1) fraud and undue influence and 2) failure of consideration. Appellee moved for summary judgment on the ground that limitations barred appellant's claims. The trial court granted the motion and ordered that appellant take nothing. By two points of error, appellant contends that limitations does not bar her claims. We reverse and remand.

On January 27, 1983, appellant and her husband, T.W. Evans, conveyed 75 acres of land located in Lavaca County to her son, Edward John Matejek. The deed was recorded in Lavaca County on February 1, 1983. On September 13, 1984, a hearing was held to determine if a guardian should be appointed for T.W. Evans. Appellant testified at the hearing that the property had been conveyed "with the understanding that Edward Matejek would continue to take care of us as he has done in the past." T.W. Evans died in 1988, and Matejek died on September 7, 1990. Although Edward Matejek provided the promised care until his death, appellant filed this action on August 22, 1994, because Matejek apparently did not make provisions for her continued care in the event he predeceased her.

Appellant claims 1) that she accepted Matejek's promise to care for her for the remainder of her life as consideration for her interest in the 75 acres, and 2) that because the care ceased with his death, the consideration failed. She also claims that he defrauded her out of her property by failing to keep his promise.

Appellee moved for summary judgment on the ground that TEX. CIV. PRAC. & REM.CODE ANN. § 16.051 barred appellant's causes of action. Appellee claimed that appellant's actions were barred at the latest on February 1, 1987, four years after the deed was recorded. Appellant responded that she could not have discovered that Matejek would not continue to care for her for the remainder of her life, or that the consideration would fail, until he died on September 7, 1990. The trial court granted summary judgment in favor of appellee.

By two points of error, appellant contends that the trial court erred in granting the motion for summary judgment because neither the cause of action for fraud and undue influence nor the claim for failure of consideration were barred by the four-year statute of limitations. Appellant argues that she could not have discovered a right to either claim until September 7, 1990, when Matejek died.

■ In order to sustain a summary judgment, the pleadings and summary judgment evidence must establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *McFadden v. American United Life Ins. Co.*, 658 S.W.2d 147, 148 (Tex.1983); *Wofford v. Blomquist*, 865 S.W.2d 612, 614 (Tex.App.—Corpus Christi 1993, writ denied). We accept all evidence favorable to the non-movant as true, indulge the non-movant with every favorable, reasonable inference, and resolve any doubt in the non-movant's favor. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex.1985); *Wofford*, 865 S.W.2d at 614.

■ Appellee's motion for summary judgment was based on section 16.051 of the Texas Civil Practice and Remedies Code which provides that

[e]very action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.

TEX. CIV. PRAC. & REM.CODE ANN. § 16.051 (Vernon 1986). Although appellant is seek-

1. Retired Justice Noah Kennedy, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1988).

ing to recover the 75 acres by having the deed conveying the land set aside, her claim is grounded in failure of consideration as well as fraud and undue influence. These claims are governed by section 16.051. *See Williams v. Khalaf,* 802 S.W.2d 651, 658 (Tex.1990) (all fraud actions have a four year limitations period, regardless of remedy sought); *Veltmann v. Damon,* 696 S.W.2d 241, 244 (Tex.App.—San Antonio 1985), *rev'd and remanded in part on other grounds,* 701 S.W.2d 247 (Tex.1985) (per curiam) (suit to set aside deed for undue influence is personal in nature and must be brought within four years of its accrual); *Holland v. Gibbs,* 388 S.W.2d 295, 299 (Tex.Civ.App.—Austin 1965, writ ref'd n.r.e.) (suit to set aside deed for lack of consideration falls within four year limitations period).

Appellee asserts that appellant's cause of action accrued four years after the deed was recorded. This assertion is accurate if facts on the face of the records put appellant on notice of her claims.

■ One is charged with constructive notice of the actual knowledge that one could gain by an examination of the public records. *Mooney v. Harlin,* 622 S.W.2d 83, 85 (Tex. 1981); *Vance v. Bell,* 797 S.W.2d 403, 405 (Tex.App.—Austin 1990, no writ). Constructive notice is limited to facts reflected on the face of the records. *Vance,* 797 S.W.2d at 405; *see Westland Oil Dev. Corp. v. Gulf Oil,* 637 S.W.2d 903, 908 (Tex.1982). If the claimed fraud occurred in the inducement, recordation of the document does not, of itself give notice of the fraud. *Vance,* 797 S.W.2d at 405; *Clark v. Snider,* 738 S.W.2d 49, 51 (Tex.App.—Texarkana 1987, no writ); *see Rumfield v. Rumfield,* 324 S.W.2d 304, 306–07 (Tex.Civ.App.—Amarillo 1959, writ ref'd n.r.e.).

■ A cause of action for failure of consideration accrues at the time when facts come into existence which put a claimant on notice that the debt is unpaid. *See Holland,* 388 S.W.2d at 299.

■ A cause of action for fraud accrues upon its discovery, *Quinn v. Press,* 135 Tex. 60, 140 S.W.2d 438, 440 (1940), or from the time the fraud might have been discovered

through the exercise of reasonable diligence. *Mooney,* 622 S.W.2d at 85; *Ruebeck v. Hunt,* 142 Tex. 167, 176 S.W.2d 738, 739 (1943). Knowledge of facts which would have excited inquiry into the mind of a reasonably prudent person, which, if pursued by him with reasonable diligence, would lead to the discovery of the fraud, is equivalent to knowledge of the fraud as a matter of law. *Ruebeck,* 176 S.W.2d at 739; *Bush v. Stone,* 500 S.W.2d 885, 889 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.); *see Wise v. Anderson,* 163 Tex. 608, 359 S.W.2d 876, 879 (1962). The defrauded party must be cognizant or aware of facts which would have caused the ordinarily intelligent and prudent man to investigate. *Bush,* 500 S.W.2d at 889. Whether one has exercised due diligence in discovering fraud is ordinarily a fact question. *Ruebeck,* 176 S.W.2d at 739; *Vance,* 797 S.W.2d at 405.

■ Appellee contends that appellant cannot rely on these discovery rules because she did not plead their applicability. Appellee argues that appellant had the burden of pleading and proving the discovery rule. We would agree with appellee if this was an appeal from a trial on the merits. *See Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 517–18 (Tex.1988).

In *Woods,* the Texas Supreme Court held that the discovery rule is a plea in confession and avoidance. *Id.* at 517. Therefore, a party seeking to avail itself of the discovery rule must plead the rule, either in its original petition or in an amended or supplemental petition in response to an assertion of the statute of limitations. *Id.* at 518. If the discovery rule is not affirmatively raised in the pleadings, the matter will be deemed waived. *Id.* In addition, the party relying on the rule must prove and secure favorable findings on its applicability to the cause of action. *Id.* However, in a footnote, the court stated:

This burden does not apply, of course, in summary judgment cases. In *Weaver v. Witt,* we said that on motion for summary judgment, the burden is on the defendant to negate the discovery rule by proving as a matter of law that no issue of material fact exists concerning when the plaintiff

discovered or should have discovered. 561 S.W.2d [792] at 794 [(Tex.1977)]. This is because "[t]he presumptions and burden of proof for an ordinary or conventional trial are immaterial to the burden that a movant for summary judgment must bear." *Missouri–Kansas–Texas Railroad Co. v. City of Dallas,* 623 S.W.2d 296, 298 (Tex. 1981). *See also* D. Hittner, *Summary Judgments in Texas,* 22 Hou.L.Rev. 1109, 1133 (1985). Thus, in a summary judgment setting, the burden rests upon the movant defendant not only to plead limitations, but also to negate the discovery rule. However, where the case proceeds to trial with a fact question as to when the plaintiff discovered, it is the plaintiff who benefits by the discovery rule who must ensure that such an issue is submitted.

*Id.* at 518, n. 2.

Accordingly, appellee had the burden to conclusively establish when appellant discovered or should have discovered the claimed fraud and failure of consideration. *See Vance,* 797 S.W.2d at 405. After reviewing appellee's summary judgment evidence, we conclude that appellee did not meet this burden. Appellee failed to prove when appellant discovered or should have discovered the fraudulent inducement or the failure of consideration. Appellee also did not negate the discovery rule by proving, as a matter of law, that there is no fact issue concerning when appellant discovered or should have discovered the harm.

Appellee contends that appellant's testimony at the guardianship hearing is evidence that appellant was on notice of her claims. After reviewing the statement, we believe that it tends to support appellant's contention that she conveyed her interest in the property in reliance on Matejek's promise to care for her and that she could not have discovered her claims until Matejek failed to fulfill this promise. The record contains no facts indicating why appellant's continued reliance was misplaced at the time the statement was made.

Because appellee failed to satisfy her burden of proof, we hold that the trial court erred in granting the motion for summary judgment. Accordingly, we sustain appellant's two points of error.

We REVERSE the summary judgment and REMAND the case to the trial court for a trial on the merits.