Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
HOOTEN CONSTRUCTION CO., INC.,          ) 
and CARL J. HOOTEN, INDIVIDUALLY,    )                  No. 08-05-00154-CV
)
                                    Appellants,                       )                             Appeal from
)
v.                                                                          )                  327th District Court
)
CANTERBURY, STUBER, ELDER,                 )                  of El Paso County, Texas
GOOCH & SURRATT, P.C., DAVID G.           )
SURRATT, INDIVIDUALLY,                      )                  (TC# 2004-3466)
RHODE CONSTRUCTION CO., INC., and      )
CARMEN RHODE, INDIVIDUALLY,             )
)
                                    Appellees.                        )

O P I N I O N

            Hooten Construction Co., Inc. (Hooten) and Carl J. Hooten (Mr. Hooten) appeal from a
summary judgment granted in favor of Canterbury, Stuber, Elder, Gooch & Surratt, P.C., David G.
Surratt, Rhode Construction Co., Inc. (Rhode), and Carmen Rhode. Finding that limitations bars the
suit, we affirm.
FACTUAL SUMMARY
            This dispute arises from prior litigation between Hooten and Rhode. Much of the factual
recitation is taken from our opinion affirming summary judgment in favor of Rhode. Hooten
Construction Company, Inc. v. Rhode Construction Company, Inc., 2000 WL 1204838 (Tex.App.--El Paso Aug. 17, 2000, no pet.)(not designated for publication). In 1992, Hooten entered into a
contract with Rhode for construction of a landfill. In 1997, Hooten filed suit for breach of contract
in the 143rd District Court of Reeves County. Rhode filed a no-evidence motion for summary
judgment pursuant to Tex.R.Civ.P. 166a(i). Hooten filed a response which included Mr. Hooten’s
affidavit. The trial court held a hearing on September 9, 1998, and considered Rhode’s objections
to Mr. Hooten’s affidavit. After the hearing but prior to the court’s ruling on the motion, Hooten
filed a supplemental response supported by additional evidence, including a second affidavit by Mr.
Hooten and the transcripts from his deposition. On September 23, 1998, the trial court entered an
order sustaining Rhode’s objections and awarded summary judgment in its favor without specifying
the basis for the ruling.
            Hooten appealed. It argued that summary judgment had been improperly granted because
sufficient evidence existed to raise a genuine issue of material fact with respect to each element of
its claim. Hooten Construction, 2000 WL 1204838 at *1. On appeal, Rhode was represented by
Canterbury, Stuber, Elder Gooch & Surratt, P.C. and David Surratt. In its brief filed on January 10,
2000, Rhode responded that Hooten’s supplemental response had been filed late and without leave
of court. On August 17, 2000, we affirmed the summary judgment. Hooten Construction, 2000 WL
1204838 at *4. We were not persuaded by Hooten’s contention that the trial court had orally granted
permission to both parties to file additional summary judgment evidence after the hearing. Id. at *3
n.4.
            On August 16, 2004, Hooten filed suit complaining that the statement made in Rhode’s brief
regarding the late-filed summary judgment evidence was fraudulent. It also alleged that Carmen
Rhode committed fraud by falsely stating in an affidavit filed in the first case that he was the on-site
job manager in Pecos, Texas and materially participated in the job. Appellees sought summary
judgment on the grounds that they did not commit fraud, the issue was fully litigated in the prior
case, and the statute of limitations barred the claims. The trial court granted the motion without
specifying the grounds. 
STATUTE OF LIMITATIONS
            When a trial court’s order granting summary judgment does not specify the ground or
grounds relied on for its ruling, an appellate court will affirm if any of the theories advanced are
meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). We will first consider Hooten’s
second point of error which addresses the statute of limitations.
Standard of Review
            In a traditional summary judgment proceeding, the standard of review on appeal is whether
the successful movant at the trial level carried the burden of showing that there is no genuine issue
of material fact and that judgment should be granted as a matter of law. Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471 (Tex. 1991); Duran v. Furr’s Supermarkets, Inc., 921 S.W.2d 778, 784
(Tex.App.--El Paso 1996, writ denied). Thus, the question on appeal is not whether the summary
judgment proof raises fact issues as to required elements of the movant’s cause or claim, but whether
the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material
fact as to one or more elements of the movant’s cause or claim. Gibbs v. General Motors Corp., 450
S.W.2d 827, 828 (Tex. 1970); Duran, 921 S.W.2d at 784. In resolving the issue of whether the
movant has carried this burden, all evidence favorable to the non-movant must be taken as true and
all reasonable inferences, including any doubts, must be resolved in the non-movant’s favor. Nixon
v. Mr. Property Management Co., Inc., 690 S.W.2d 546, 548-49 (Tex. 1985); Duran, 921 S.W.2d
at 784.
            A defendant moving for summary judgment on the affirmative defense of limitations has the
burden to conclusively establish that defense. KPMG Peat Marwick v. Harrison County Housing
Finance Corp., 988 S.W.2d 746, 748 (Tex. 1999). Thus, the defendant must (1) conclusively prove
when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pled
or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about
when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the
nature of its injury. Id. If the movant establishes that the statute of limitations bars the action, the
non-movant must then adduce summary judgment proof raising a fact issue in avoidance of the
statute of limitations. Id.
Fraud Claims
            A claim for fraud is subject to the four-year statute of limitations. Tex.Civ.Prac.&
Rem.Code Ann. § 16.004(a)(5)(Vernon 2002). Ordinarily, the statute of limitations begins to run
when a particular cause of action accrues. S.V. v. R.V., 933 S.W.2d 1, 4 (Tex. 1996); Mitchell
Energy Corp. v. Bartlett, 958 S.W.2d 430, 436 (Tex.App.--Fort Worth 1997, pet. denied).
Determining what rule of accrual to apply is a question of law. Moreno v. Sterling Drug, Inc., 787
S.W.2d 348, 351 (Tex. 1990); Mitchell Energy, 958 S.W.2d at 436. As to the defendant’s burden
under the first prong of the test stated in KPMG Peat Marwick, a cause of action accrues when a
wrongful act causes some legal injury, even if the fact of injury is not discovered until later. S.V.,
933 S.W.2d at 4; Tanglewood Terrace, Ltd. v. City of Texarkana, Texas, 996 S.W.2d 330, 336
(Tex.App.--Texarkana 1999, no pet.). In a fraud claim, limitations begins to run when the fraud is
perpetrated or, if the fraud is concealed, from the time it was discovered or could have been
discovered by the exercise of reasonable diligence. Woods v. William M. Mercer, Inc., 769 S.W.2d
515, 517 (Tex. 1988). 
            The first fraud claim is based on a statement made in Rhode’s brief that Hooten’s 
supplemental response had been filed late and without leave. Appellants contend that this fraud
claim did not accrue until August 17, 2000, when the opinion affirming summary judgment was
issued, and that suit was filed within the four years. We disagree. Limitations began to run on
January 10, 2000, when the brief containing the purportedly false statement was filed. Appellants
did not file their original petition until August 16, 2004, more than four years later.
            The second fraud claim is based on the affidavit of Carmen Rhode filed with the motion for
summary judgment. Limitations for this claim began to run on July 17, 1998, the date the affidavit
was filed in the trial court, and expired on July 17, 2002, more than two years before Appellants filed
suit. Appellees conclusively established that these fraud claims were barred by limitations. Because
Appellants failed to adduce any evidence raising a fact issue in avoidance of the statute of
limitations, the trial court properly granted summary judgment. We overrule Point of Error Two.
Given our resolution of this issue, it is unnecessary to review the remaining points of error as they
pertain to other grounds on which the summary judgment could have been granted. We affirm the
judgment of the trial court.

August 29, 2006                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.
(Chew, J., not participating)