**J. Wilbur SMITH, Petitioner,**

v.

**Robert Weldon KNIGHT et al.,
Respondents.**

**No. B–9549.**

Supreme Court of Texas.

Nov. 12, 1980.

L. A. Nelson, Denton, for petitioner.

Cowles, Sorrels, Patterson & Thompson, R. Brent Cooper and Neal S. Holford, Dallas, for respondents.

PER CURIAM.

This case involves a statute of limitations defense in a suit by a client against his attorney and the estate of that attorney's deceased law partner alleging legal malpractice arising from a title examination prepared by the attorney in 1972. The title examination prepared by the attorney for the client's closing did not disclose a lien which the client later allegedly discovered and paid to release in 1976. In 1978 the client filed this suit.

The trial court granted summary judgment for the estate of the deceased partner on the estate's motion invoking the two–year statute of limitations. The trial court also granted summary judgment in favor of the attorney. The attorney had not filed a

motion for summary judgment. The court of civil appeals has affirmed the portion of the trial court judgment which grants summary judgment for the deceased partner's estate. It has also reversed the portion of the trial court judgment which grants summary judgment for the attorney and has remanded that portion of the case. *Smith v. Knight,* 598 S.W.2d 720 (Tex.Civ.App.– Fort Worth 1980).

The court of civil appeals based its affirmance of the summary judgment for the partner's estate on the ground that the client had failed to meet his summary judgment burden of pleading and proof of the "discovery rule" as an affirmative defense to the statute of limitations. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex. 1979). We agree and, accordingly, we refuse the application for writ of error, no reversible error.

However, the court of civil appeals also wrote that the "discovery rule" applies to this legal malpractice case, because of the existence of a fiduciary relationship between the client and his attorney. Because the client's failure to controvert the motion for summary judgment is dispositive of the case, we do not reach the question of the applicability of the "discovery rule" in legal malpractice cases.

The application for writ of error is refused, no reversible error.