Peggy WOODS, C.R.N.A., Petitioner,

v.

WILLIAM M. MERCER, INC., et al., Respondent.

No. C–5863.

Supreme Court of Texas.

Dec. 7, 1988.

Rehearing Denied June 7, 1989.

Frank L. Branson and Paul N. Gold, Law Offices of Frank L. Branson, J. Hadley Edgar, Texas Tech University, Lubbock Alan S. Loewinsohn, Figari & Davenport, Dallas, for petitioner.

R. Brent Cooper and Michael W. Hudleston, Cowles & Thompson, Dallas, for respondent.

PHILLIPS, Chief Justice.

This is a suit against an insurance agent and an insurance carrier for failure to provide professional liability insurance. The principal question presented is whether the party seeking to benefit from the discovery rule to avoid the statute of limitations has the burden of pleading and proving the requirements of the discovery rule in a trial on the merits. We hold that it does. For this reason, we affirm the judgment of the court of appeals that plaintiff take nothing against her insurance agent because her action was barred by limitations. 717

S.W.2d 391. We further hold that plaintiff established some evidence that the carrier committed a deceptive trade practice and, thus, we reverse the judgment of the court of appeals affirming a judgment non obstante veredicto for the carrier.

On February 8, 1978, Peggy Woods administered anesthesia during childbirth to Mrs. Ena Bassham. Bassham died from complications related to the administration of the anesthesia on February 24, 1978. At that time, Woods was covered by a claims-made insurance policy issued by Glacier General Assurance Company through its then agent, William M. Mercer, Inc. The policy covered occurrences giving rise to claims against the insured that came to the attention of the insured and were made known to the insurer during the policy period. Woods subsequently changed her insurance to an "occurrence" policy. This type of policy covered claims arising from an event that occurred during the policy period, whether or not the claim or occurrence was actually brought to the attention of the insured or reported to the insurance company during the policy period.

The transition from the "claims-made" policy to the "occurrence" policy created a potential gap in coverage. To bridge this gap, Glacier provided an opportunity for its insureds to purchase "tail coverage," which essentially extended the period of the "claims-made" policy to allow additional time to make claims for injuries that arose from events occurring during the time the policy was in effect.

In April, 1978, Glacier's agent, Mercer, sent a notice to the insured nurses regarding the need for tail coverage. Woods signed an application for the insurance and gave it to Dwayne Benefield, the employee in charge of insurance at Good Shepherd Hospital, where she worked. Benefield mailed the *application* to Mercer on May 16, 1978, which was received on May 18. Benefield did not, however, send the *premium* for the tail coverage policy to Mercer until June 19. Mercer received the check on June 21, one day after the deadline for obtaining coverage. In the interim, Mercer had not forwarded the application to Glacier. Since the payment was received one day late, Mercer informed Benefield on June 23, 1978, that it could not comply with the request for coverage. At trial, Woods argued that this representation by Mercer was false, because Glacier would have issued the policy if the application alone had been forwarded, making it Mercer's fault, not hers, that she did not obtain the tail coverage.

On October 27, 1978, counsel for the Bassham family gave notice of suit to the hospital for the death of Ena Bassham. Mercer refused coverage on the grounds that Woods had not purchased the tail coverage. The Basshams then filed suit against Woods in federal court. In a trial before the court, the Basshams were awarded a judgment against Woods of $1,209,016.59, plus post-judgment interest and costs. Woods took no appeal, and the judgment became final on May 14, 1981.

In April, 1983, Woods brought this suit against Glacier and Mercer for damages arising from their failure to provide coverage. The real plaintiffs in interest were the Basshams, to whom Woods had assigned her cause of action. Woods alleged common law negligence, violation of the Deceptive Trade Practices Act, and violation of the Unfair Claims Settlement Practices Act of the Insurance Code. After a jury trial, the trial court rendered judgment against Mercer for actual and treble damages pursuant to the Deceptive Trade Practices Act. However, the trial court granted Glacier's motion for judgment non obstante veredicto.

On appeal, the court of appeals ruled that Woods' action was barred by the statute of limitations. The court held that the evidence conclusively established that Woods, more than two years prior to the institution of her suit, had knowledge of such facts as would lead a reasonably prudent person to make such inquiry as would lead to the discovery of the fraud. The court of appeals also rejected Woods' complaint that the trial court erred in granting Glacier's motion for judgment non obstante veredicto. For the reasons discussed be-

low, we affirm in part and reverse in part the judgment of the court of appeals.

## STATUTE OF LIMITATIONS

This case is governed by the two-year statute of limitations set out under TEX. REV.CIV.STAT. art. 5526 (repealed, now codified at TEX.CIV.PRAC. & REM.CODE § 16.003).[1] Mercer pleaded that Woods' cause of action was barred by the statute of limitations and raised this defense in both its motion for summary judgment and in its motion for judgment non obstante veredicto. The trial court denied both motions. The proof at trial conclusively showed that all of the misrepresentations on which the jury based its findings occurred on or before June 23, 1978. Suit was not filed until April 13, 1983. Thus, absent a tolling of the statute of limitations, Mercer's limitations defense was established as a matter of law.

Woods argues that the discovery rule should be applied to toll the statute because she did not discover that Mercer had misrepresented Glacier's policies until within two years of the filing of the suit. Woods did not plead the discovery rule at trial, however, and no issues were requested or obtained by either side as to when Woods discovered or in the exercise of reasonable diligence should have discovered Mercer's misrepresentations.

We must decide whether Woods may, under these circumstances, assert the discovery rule in order to avoid the limitations bar. Past opinions of this court have been less than precise in the terminology used to describe and classify the discovery rule. *Compare, Weaver v. Witt,* 561 S.W.2d 792, 794 (Tex.1977) (the discovery rule "is not a plea in confession and avoidance ..."); *with Smith v. Knight,* 608 S.W.2d 165, 166 (Tex.1980) (the discovery rule is "an affirmative defense to the statute of limitations."). *See also National Resort Communities v. Short,* 712 S.W.2d 200, 201 n. 1 (Tex.App.—Austin 1986, writ ref'd n.r.e.)

(discussing the different treatments of the discovery rule).

This inconsistency has given rise to some confusion over how the discovery rule is to be treated. The confusion is exemplified by the apparent assumption of both parties in this case and the court of appeals that defendant Mercer bore the burden of proving that Woods discovered or should have discovered Mercer's misrepresentations in order to prevail on its affirmative defense of limitations. 717 S.W.2d at 397. In view of this confusion, we deem it appropriate to review and clarify the rules of pleading and proof governing assertion of the discovery rule in a trial on the merits.

■ The statute of limitations is an affirmative defense. Tex.R.Civ.P. 94. The defendant thus bears the initial burden to plead, prove, and secure findings to sustain its plea of limitations. *Metal Structures Corp. v. Plains Textiles, Inc.,* 470 S.W.2d 93, 99 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.).

■ In an action for fraud, limitations begins to run when the fraud is perpetrated, or if the fraud is concealed, from the time it is discovered or could have been discovered by the exercise of reasonable diligence. *Quinn v. Press,* 135 Tex. 60, 64, 140 S.W.2d 438, 440 (1940). The plaintiff may therefore raise the discovery rule as an excuse for its failure to file suit within the appropriate period of limitations.

■ We hold that the discovery rule is a plea in confession and avoidance. A plea in confession and avoidance is one which avows and confesses the truth in the averments of fact in the petition, either expressly or by implication, but then proceeds to allege new matter which tends to deprive the facts admitted of their ordinary legal effect, or to obviate, neutralize, or avoid them. *Black's Law Dictionary,* 269 (5th ed. 1979). This most closely describes the function of the discovery rule, which

---

1. The court of appeals erred in applying the statute of limitations found in the current Deceptive Trade Practices Act. TEX.BUS.COM. CODE § 17.56A [renumbered as § 17.565 (1987)]. This case is governed by the pre–1979 version of the Act, *see Jim Walter Homes, Inc. v. Castillo,* 616 S.W.2d 630, 634 (Tex.Civ.App.—Corpus Christi 1981, no writ), and that version did not contain a statute of limitations.

asserts that while the statute of limitations may appear to have run, giving rise to that appearance should not control.

■ A party seeking to avail itself of the discovery rule must therefore plead the rule, either in its original petition or in an amended or supplemented petition in response to defendant's assertion of the defense as a matter in avoidance. TEX.R. CIV.P. 94; *Wise v. Anderson,* 163 Tex. 608, 359 S.W.2d 876 (1962); *Sherman v. Sipper,* 137 Tex. 85, 90, 152 S.W.2d 319, 321 (1941); *Liles v. Phillips,* 677 S.W.2d 802, 808–809 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). A defendant who has established that the suit is barred cannot be expected to anticipate the plaintiff's defenses to that bar. A matter in avoidance of the statute of limitations that is not raised affirmatively by the pleadings will, therefore, be deemed waived. Tex.R.Civ.P. 94; *B.L. Nelson & Assoc. v. City of Argyle,* 535 S.W.2d 906, 911 (Tex.Civ.App.— Fort Worth 1976, writ ref'd n.r.e.).

The party seeking to benefit from the discovery rule must also bear the burden of proving and securing favorable findings thereon. *See Weaver v. Witt,* 561 S.W.2d at 794 n. 2; *Wise v. Anderson,* 163 Tex. 608, 359 S.W.2d 876 (1962); *National Resort Communities v. Short,* 712 S.W.2d 200, 201–202 (Tex.App.—Austin 1986, writ ref'd n.r.e.). The party asserting the discovery rule should bear this burden, as it will generally have greater access to the facts necessary to establish that it falls within the rule.[2]

■ Where, as here, Woods neither pleaded discovery nor obtained findings on discovery, it is waived. Since the discovery rule consists of only one element, it was Woods' burden to submit or request an

issue. For purposes of Tex.R.Civ.P. 279, the discovery rule is an independent ground of defense and is not, as the dissent apparently argues, merely an element in a larger defense of fraud. We hold that Mercer established as a matter of law that Woods' cause of action was barred. Once that was done, it was Woods' burden to obtain findings to defeat that defense. Since Woods failed to request any findings on discovery or object to their omission, she cannot now complain that her action was found barred. We affirm the court of appeals that Woods' cause of action is barred by the statute of limitations.

## JUDGMENT NON OBSTANTE VEREDICTO

■ In reviewing Woods' contention that the trial court erred in granting Glacier's judgment non obstante veredicto, we must consider only the evidence and inferences favorable to the jury's findings. *Navarette v. Temple Independent School District,* 706 S.W.2d 308, 309 (Tex.1986). Prior to Woods' original application to Mercer, Glacier had given Mercer authority to accept applications and issue tail endorsements. The authority to issue the tail endorsements, however, was later revoked by Glacier prior to the time Woods applied for tail coverage. Glacier failed to inform either Woods or anyone acting on her behalf that Mercer's authority to issue tail coverage had been revoked. Dwayne Benefield testified that he would have forwarded Woods' application directly to Glacier if he had known of Mercer's lack of authority. In separate issues, the jury found that Glacier committed an unconscionable act and a deceptive trade practice in failing to

---

**2.** This burden does not apply, of course, in summary judgment cases. In *Weaver v. Witt,* we said that on motion for summary judgment, the burden is on the defendant to negate the discovery rule by proving as a matter of law that no issue of material fact exists concerning when the plaintiff discovered or should have discovered. 561 S.W.2d at 794. This is because "[t]he presumptions and burden of proof for an ordinary or conventional trial are immaterial to the burden that a movant for summary judgment must bear." *Missouri-Kansas-Texas Railroad Co. v. City of Dallas,* 623 S.W.2d 296, 298 (Tex.1981). *See also* D. Hittner, *Summary Judgments in Texas,* 22 Hou.L.Rev. 1109, 1133 (1985). Thus, in a summary judgment setting, the burden rests upon the movant defendant not only to plead limitations, but also to negate the discovery rule. However, where the case proceeds to trial with a fact question as to when the plaintiff discovered, it is the plaintiff who benefits by the discovery rule who must ensure that such an issue is submitted.

inform Woods of the withdrawal of Mercer's authority to issue tail endorsements.

We hold that there is more than a scintilla of evidence to support that finding of the jury that Glacier's failure to act was a deceptive trade practice under the then applicable version of the DTPA. Tex.Bus. & Comm.Code § 17.46 (1973) (amended 1979). The court of appeals erred in affirming the trial court's grant of Glacier's motion for judgment non obstante veredicto. Because Glacier filed no brief in the court of appeals or this court, it raised no cross-point below urging that, in the alternative, there was insufficient evidence to support the verdict. Therefore, we have no jurisdiction to reverse to the court of appeals for consideration of this issue.

We affirm the court of appeals' holding that Woods' cause of action is barred by limitations. We reverse its ruling affirming the trial court's grant of Glacier's motion for judgment non obstante veredicto. The cause is remanded to the trial court for rendition of judgment against Glacier in accordance with the jury's verdict.

KILGARLIN, J., concurs and dissents.

MAUZY, J., joined by RAY and ROBERTSON, JJ., concur and dissent.

KILGARLIN, Justice, concurring and dissenting.

I concur with the court's disposition of this cause as to Glacier General Assurance Company. However, I respectfully dissent as to the court's rendition of judgment against Peggy Woods.

As the court recognizes, it is basic law that a defendant urging a limitations defense has in addition to a pleading obligation the burden of proving the defense. The court correctly states that limitations, unless tolled, commence running as of the date of misrepresentation. However, this would be so only if there were but one misrepresentation. Continuing misrepresentations would suspend for their duration the date from which the statute of limitations would commence running. I disagree with the court that Mercer established its limitations defense as a matter of law. There *was* a factual dispute as to the date of the last fraudulent act by Mercer. Because there was a factual dispute, it was Mercer's burden to obtain findings that would establish its limitations defense. Tex.R.Civ.P. 279. Mercer failed to do this. Accordingly, this court should never reach the issue of the discovery rule, as Mercer has failed to obtain findings to support its defense.

However, because the court does base its holding on the discovery rule, I feel compelled to comment. I agree that as a general principle the burden of submitting and securing favorable findings is on the party seeking to benefit from the discovery rule. I likewise agree that the discovery rule is a plea of confession and avoidance, and should not be called an affirmative defense.

However, I cannot join with Justice Mauzy in his dissent as to the court's affirming Mercer's take nothing judgment against Woods. Mercer had no duty to object to the absence of an issue that served as a basis of Woods' recovery (assuming Mercer had satisfied its burden of proving its limitations defense). Further, the discovery rule is not a part of a cluster of issues. No deemed finding is permissible.

In conclusion, I respectfully submit that because of Mercer's failure to obtain findings in support of a disputed fact issue on limitations, it has waived that defense. Thus, I would reverse the judgment of the court of appeals as to both Mercer and Glacier.

MAUZY, Justice, concurring and dissenting.

I dissent from that part of the court's opinion that affirms the court of appeals' judgment that plaintiff take nothing against her insurance agent because her action was barred by limitations. I would reverse the judgment of the court of appeals as to Mercer; however, I concur in the court's decision to reverse the judgment of the court of appeals as to Glacier General Assurance Company and remand to the trial court for entry of judgment

against Glacier in accordance with the jury's verdict.

I disagree with the court's holding that Woods' claim was barred by the statute of limitations. While Woods had the burden to request a discovery rule issue and did not, Mercer raised no objection to the omission from the charge. *See* Tex.R.Civ.P. 274. Thus, two forms of waiver are involved—plaintiff Woods' failure to submit issues, and defendant Mercer's failure to object or otherwise complain of the omission.

I agree that limitations is an affirmative defense, and the defendant Mercer bore the initial burden of proving its limitations defense and securing the submission of appropriate special issues. Tex.R.Civ.P. 279. If no issues are submitted, Rule 279 provides that this independent ground of defense is waived unless established as a matter of law. If the plaintiff counters that the discovery rule excuses his failure to file within the appropriate period of limitations, proof of the discovery rule as an exception to limitations shifts to the plaintiff. *Wise v. Anderson,* 163 Tex. 608, 359 S.W.2d 876 (1962); *National Resort Communities v. Short,* 712 S.W.2d 200 (Tex. App.—Austin 1986, writ ref'd n.r.e.). As a party who benefits by the discovery rule, the plaintiff must seek jury findings on this fact issue of whether he discovered, or in the exercise of reasonable diligence should have discovered the cause of action.

Since proof of the discovery rule as an exception to limitations rests upon the party asserting the exception, it was Woods, not Mercer, who had the burden of proof and the burden of securing the submission of a jury issue on the discovery rule.

Woods' failure to submit a discovery rule issue, however, was put to rest by Mercer's failure to object to its omission. Because Mercer raised no objection and because the evidence does not conclusively establish that the cause is barred by limitations, I would hold the court of appeals erred in holding Woods' claims were barred by limitations. Although both parties contributed to the submission of a faulty charge, the failure to object to the omission is the greater sin. Trials are costly and time-consuming to the litigants as well as to the taxpaying public. This court has the obligation to prevent all litigants from lying behind the log, and later seeking refuge in a faulty charge complaint. Since retrials are to be discouraged, we must strictly enforce the harsh stance taken by the Texas Rules of Procedure—that omissions not pointed out at trial cannot be complained of on appeal. Therefore, by Mercer's failure at trial to point out the omission of Woods' discovery rule issue, Mercer waived its right to complain that the suit was barred by limitations.

The court today confuses the role of the discovery rule. It concludes that the discovery rule constitutes an "independent ground of defense" under Tex.R.Civ.P. 279, and thus that Woods' failure to submit a discovery rule issue constitutes waiver of that defense.

As recognized by the court, past opinions fraught with ambiguity have done little to clarify how the discovery rule is to be treated. Regrettably in *Smith v. Knight,* 608 S.W.2d 165, 166 (Tex.1980), this court labeled the discovery rule an affirmative defense. This would nonsensically make it an affirmative defense to an affirmative defense. Although Woods clearly had the burden of offering evidence and submitting issues on the discovery rule, the rule itself is not an independent ground of defense under Rule 279, as it was misstated to be in *Smith v. Knight,* 608 S.W.2d at 166.

The evidence did not conclusively establish that Woods' cause was barred by limitations. The evidence at trial established that Woods did not learn of Mercer's misrepresentations concerning Glacier's procedures for application of tail coverage until sometime after the judgment in federal court, April 14, 1981. This contention is supported by the fact that Woods first assigned her cause of action against Glacier to the Bassham family in 1983 and did not assign her cause of action against Mercer until 1985. Furthermore, Woods testified she was aware Mercer had not obtained tail coverage for her sometime in October 1978. Woods further testified that

she was not aware of the conversations Benefield had with Mercer's representatives at the time they occurred.

Because Mercer raised no objection to Woods' failure to request a discovery rule issue and because the evidence does not conclusively establish that the cause is barred under the discovery rule, I would hold the court of appeals erred in holding Woods' DTPA claims were barred by limitations. I would reverse the court of appeals' judgment as to both Mercer and Glacier.

RAY and ROBERTSON, JJ., join in this concurring and dissenting opinion.