DISSENTING OPINION



No. 04-03-00377-CV



Betty Sue CHAVEZ,


Appellant



v.



Lisa Monique DAVILA and Juan Ortega,


Appellees



From the 73rd Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CI-06033


Honorable Pat Boone, Judge Presiding



Opinion by: Karen Angelini, Justice

Dissenting opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: June 2, 2004

 I disagree with the majority's reliance on Zale Corp. v. Rosenbaum, 520 S.W.2d 889 (Tex.
1975), to support the proposition that Chavez had the burden to prove that she was of unsound mind.
In Zale Corp., the court was commenting on a distinction made in Oram v. General Am. Oil Co., 513
S.W.2d 533 (Tex.1974). In Oram, the court noted a different burden of proof would be applicable
if the non-movant had interposed an estoppel to avoid the limitations defense. 513 S.W.2d at 534.
The court cited two cases in support of this proposition. In one case, the court held that the non-movant was required to come forward with proof raising a fact issue regarding fraudulent
concealment. Nichols v. Smith, 507 S.W.2d 518, 521 (Tex. 1974). In the other case, the court held
that the non-movant had the burden of producing evidence to raise a fact issue regarding its
promissory estoppel defense. "Moore" Burger, Inc. v. Phillips Petroleum Co., 492 S.W.2d 934, 936-37 (Tex. 1973). None of these cases support the proposition that a non-movant has the burden of
proving a tolling defense. In fact, the Texas Supreme Court has explained the reason the burden of
proof is different in the summary judgment context.

 In Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 518 (Tex. 1988), the court noted that
in a trial on the merits, the party asserting a tolling defense, like the discovery rule, has the burden
of proving that defense because that party "will generally have greater access to the facts necessary
to establish that it falls within the rule." Id. However, the court noted that this burden does not apply
in summary judgment cases. Id. at 518 n.2. The court explained that the movant is required to
conclusively negate the tolling provision in the summary judgment context because "'[t]he
presumptions and burden of proof for an ordinary or conventional trial are immaterial to the burden
that a movant for summary judgment must bear.'" Id. (quoting Missouri-Kansas-Texas Railroad Co.
v. City of Dallas, 623 S.W.2d 296, 298 (Tex. 1981)). Moreover, in Woods, the court was
commenting on the burden of proof in regard to the discovery rule, which the court expressly noted
is a plea in confession and avoidance. 769 S.W.2d at 518. Therefore, the majority's reliance on the
statement made in Zale Corp. to support the proposition that Chavez had the burden of proof is, in
my opinion, misplaced.

 The Texas Supreme Court has repeatedly stated that the movant has the burden of
conclusively negating a tolling provision's application to show his entitlement to summary judgment.
 Diaz v. Westphal, 941 S.W.2d 96, 97 (Tex. 1997); Jennings v. Burgess, 917 S.W.2d 790, 793
(Tex. 1996); Woods, 769 S.W.2d at 518 n.2; see also DeRuy v. Garza, 995 S.W.2d 748, 751 (Tex.
App.--San Antonio 1999, no pet.); see generally Timothy Patton, Summary Judgments in
Texas § 9.04[2] (3rd ed. 2003) (noting limitations defense is not conclusively established until
movant meets his burden of negating applicability of statute that tolls or suspends the running of
limitations). The Texas Supreme Court has explained the reason the burden of proof is different in
the summary judgment context. Woods, 769 S.W.2d at 518 n.2. Because the majority applies a
burden of proof that is contrary to existing Texas Supreme Court precedent, I respectfully dissent.


 Alma L. López, Chief Justice