No









NO. 12-08-00377-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

PATRICK ANTHONY WARD,                    §                      APPEAL
FROM THE 

APPELLANT

 

V.                                                                    §                      COUNTY
COURT AT LAW 

 

JESSICA PORTILLO,

APPELLEE                                                   §                      RUSK
COUNTY, TEXAS







            MEMORANDUM
OPINION

            Patrick
Anthony Ward appeals the trial court’s judgment in a contempt proceeding
brought against him by Jessica Portillo.  In two issues, Ward contends that the
proceeding was barred by limitations and that the trial court’s award of
attorney’s fees, costs, and interest to Portillo was improper.  We affirm.

            

Background

            Ward
and Portillo were previously married to one another and are now divorced.  The
divorce decree in question was signed by the trial court on August 1, 2005. 
The trial court included in the decree, as part of the division of marital
property, that Ward pay Portillo “[t]he total cash sum of $24,200.00 payable .
. . within thirty (30) days of the signing of this Final Decree of Divorce, by
cash, cashier’s check, or money order.”  It is undisputed that Ward failed to
make any payment toward this ordered sum.

            On
April 14, 2008, Portillo filed a contempt action against Ward seeking to
enforce the trial court’s division of marital property, including the ordered
$24,200.00 payment.  Ward responded by filing a motion to dismiss, alleging
that the trial court lacked jurisdiction in regard to the ordered payment
because “more than two (2) years [had passed] since [the] decree was entered .
. . .”[1] 
After two hearings, the trial court entered a final judgment against Ward for
$24,200.00, plus attorney’s fees, costs, and interest.  This appeal followed.

 

Limitations

            In
his first issue, Ward asserts that Portillo’s “suit is barred by the filing
deadline set forth in [Texas Family Code] § 9.003(b), and the trial court erred
by entering judgment for Portillo.”[2] 
Section 9.003(b) reads as follows:

 

A suit to enforce the division of future property not
in existence at the time of the original decree must be filed before the second
anniversary of the date the right to the property matures or accrues or the
decree becomes final, whichever date is later, or the suit is barred.

 

 

Tex. Fam. Code Ann. § 9.003(b) (Vernon
2006).

A
statute of limitations must be raised as an affirmative defense.  See Woods
v. William M. Mercer, Inc., 769 S.W.2d 515, 517 (Tex. 1988); see
also Tex. R. Civ. P. 94.  The
defendant bears the initial burden to plead, prove, and secure findings to
sustain his plea of limitations. Woods, 769 S.W.2d at 517.  A
defendant who fails to secure findings to sustain his plea of limitations waives
the defense. See Medistar Corp. v. Schmidt, 267 S.W.3d 150, 163
(Tex. App.—San Antonio 2008, pet. denied).

Ward
bore the initial burden of presenting some proof that the money in question
fell within section 9.003(b)’s parameters.  Therefore, it was Ward’s burden to
present some proof that the money was “future property not in existence
at the time of the original decree.” See Tex. Fam. Code Ann. § 9.003(b) (emphasis added).  Here, the record
is silent as to whether the money was in existence at the time of the original
decree.  Thus, Ward did not meet his initial burden of proof. See Woods,
769 S.W.2d at 517.

We
note Ward’s argument that the trial court’s decree created a debt to be paid in
the future.  As such, Ward argues that the sum to be paid was future property. 
However, the trial court’s decree ordered that Ward pay Portillo the sum as
part of the division of property.  Nothing in the decree indicates that the “the
division [was] of future property not in existence at the time.”  See Tex. Fam. Code Ann. § 9.003(b).  We
overrule Ward’s first issue.

 

Attorney’s Fees, Costs, and Interest

In
his second issue, Ward asserts that the “award of attorney’s fees, costs, and
interest should be reversed for the same reasons [as set forth in Ward’s first
issue].”  Ward further asserts that “[i]f Portillo’s suit is somehow not a
‘suit to enforce a property division’ then the award of attorney’s fees and
costs must be reversed.”

Ward’s
first argument presupposes that we have sustained his first issue.  For the
reasons set forth in our discussion of Ward’s first issue, we have overruled
the issue.  Ward’s second argument is based upon the premise that, should his
first issue be overruled, our holding would be supported by the conclusion that
“Portillo’s suit is somehow not a ‘suit to enforce a property division.’” 
However, this premise is incorrect, and we have concluded the opposite. 
Therefore, this argument need not be considered on its merits.  See Tex. R. App. P. 47.1.  We overrule
Ward’s second issue.

 

Disposition

We
affirm the judgment of the trial court.

 

 

    Brian Hoyle__   

Justice

 

 

 

Opinion delivered December 23,
2009.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

                                                                    (PUBLISH)









[1]
We have assumed, without deciding, that Ward’s motion to dismiss was sufficient
to preserve for review the issues now raised by Ward.  See Tex. R. App. P. 33.1 (setting forth the
general rule for error preservation).





 

[2] Ward does not argue that section 9.003(a) of the
Family Code applies to bar Portillo’s action.  See Tex. Fam. Code Ann. § 9.003(a) (Vernon
2006).