# NO. 12-08-00377-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PATRICK ANTHONY WARD,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *JESSICA PORTILLO,* *APPELLEE* | § | *RUSK COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Patrick Anthony Ward appeals the trial court's judgment in a contempt proceeding brought against him by Jessica Portillo. In two issues, Ward contends that the proceeding was barred by limitations and that the trial court's award of attorney's fees, costs, and interest to Portillo was improper. We affirm.

## BACKGROUND

Ward and Portillo were previously married to one another and are now divorced. The divorce decree in question was signed by the trial court on August 1, 2005. The trial court included in the decree, as part of the division of marital property, that Ward pay Portillo "[t]he total cash sum of $24,200.00 payable . . . within thirty (30) days of the signing of this Final Decree of Divorce, by cash, cashier's check, or money order." It is undisputed that Ward failed to make any payment toward this ordered sum.

On April 14, 2008, Portillo filed a contempt action against Ward seeking to enforce the trial court's division of marital property, including the ordered $24,200.00 payment. Ward responded by filing a motion to dismiss, alleging that the trial court lacked jurisdiction in regard to the ordered payment because "more than two (2) years [had passed] since [the] decree was entered . . . ."[1] After two hearings, the trial court entered a final judgment against Ward for $24,200.00, plus attorney's fees, costs, and interest. This appeal followed.

## LIMITATIONS

---

[1] We have assumed, without deciding, that Ward's motion to dismiss was sufficient to preserve for review the issues now raised by Ward. *See* TEX. R. APP. P. 33.1 (setting forth the general rule for error preservation).

In his first issue, Ward asserts that Portillo's "suit is barred by the filing deadline set forth in [Texas Family Code] § 9.003(b), and the trial court erred by entering judgment for Portillo."[2] Section 9.003(b) reads as follows:

> A suit to enforce the division of future property not in existence at the time of the original decree must be filed before the second anniversary of the date the right to the property matures or accrues or the decree becomes final, whichever date is later, or the suit is barred.

TEX. FAM. CODE ANN. § 9.003(b) (Vernon 2006).

A statute of limitations must be raised as an affirmative defense. *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988); *see also* TEX. R. CIV. P. 94. The defendant bears the initial burden to plead, prove, and secure findings to sustain his plea of limitations. *Woods*, 769 S.W.2d at 517. A defendant who fails to secure findings to sustain his plea of limitations waives the defense. *See Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 163 (Tex. App.—San Antonio 2008, pet. denied).

Ward bore the initial burden of presenting some proof that the money in question fell within section 9.003(b)'s parameters. Therefore, it was Ward's burden to present some proof that the money was "future property *not in existence* at the time of the original decree." *See* TEX. FAM. CODE ANN. § 9.003(b) (emphasis added). Here, the record is silent as to whether the money was in existence at the time of the original decree. Thus, Ward did not meet his initial burden of proof. *See Woods*, 769 S.W.2d at 517.

We note Ward's argument that the trial court's decree created a debt to be paid in the future. As such, Ward argues that the sum to be paid was future property. However, the trial court's decree ordered that Ward pay Portillo the sum as part of the division of property. Nothing in the decree indicates that the "the division [was] of future property not in existence at the time." *See* TEX. FAM. CODE ANN. § 9.003(b). We overrule Ward's first issue.

## ATTORNEY'S FEES, COSTS, AND INTEREST

In his second issue, Ward asserts that the "award of attorney's fees, costs, and interest should be reversed for the same reasons [as set forth in Ward's first issue]." Ward further asserts that "[i]f Portillo's suit is somehow not a 'suit to enforce a property division' then the award of attorney's fees and costs must be reversed."

Ward's first argument presupposes that we have sustained his first issue. For the reasons set forth in our discussion of Ward's first issue, we have overruled the issue. Ward's second

---

[2] Ward does not argue that section 9.003(a) of the Family Code applies to bar Portillo's action. *See* TEX. FAM. CODE ANN. § 9.003(a) (Vernon 2006).

argument is based upon the premise that, should his first issue be overruled, our holding would be supported by the conclusion that "Portillo's suit is somehow not a 'suit to enforce a property division.'" However, this premise is incorrect, and we have concluded the opposite. Therefore, this argument need not be considered on its merits. *See* TEX. R. APP. P. 47.1. We overrule Ward's second issue.

## DISPOSITION

We *affirm* the judgment of the trial court.

BRIAN HOYLE
**Justice**

Opinion delivered December 23, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)