**Affirmed and Memorandum Opinion filed June 23, 2015.**



In the

# Fourteenth Court of Appeals

## NO. 14-14-00216-CV

### HARVELLA JONES, Appellant

### V.

### MARC D. MARKEL, CLAYTON R. HEARN, AMY M. VANHOOSE, DAWN S. HOLIDAY, CLINTON FAVER BROWN, AND ROBERTS MARKEL WEINBERG BUTLER HAILEY, PC AKA ROBERTS MARKEL WEINBERG PC AKA ROBERTS MARKEL PC, Appellees

**On Appeal from the County Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Cause No. 14-CCV-052079**

## M E M O R A N D U M   O P I N I O N

Appellant Harvella Jones argues that the trial court abused its discretion in declaring her a vexatious litigant without the statutory findings required pursuant to Texas Civil Practice and Remedies Code chapter 11. We affirm.

## I. Factual and Procedural Background

In January 2014, Jones filed the present lawsuit against Marc D. Markel, Clayton R. Hearn, Amy M. Vanhoose, Dawn S. Holiday, Clinton Faver Brown, Thi "Nina" Tran, James H. Leeland, Jonathan Anderson, and Roberts Markel Weinberg Butler Hailey PC aka Roberts Markel Weinberg PC aka Roberts Markel PC aka Roberts Markel Guerry PC. Jones brought a claim of fraud and conspiracy to commit fraud, alleging that the defendants, who at various times represented the Villages of Town Center Owners Association, Inc., conspired to commit fraud upon her to conceal the "true proxy count" of the resolution passed by the association when it annexed her property in 2002.

In February 2014, Markel, Hearn, Vanhoose, Holiday, Brown, and Roberts Markel Weinberg Butler Hailey PC (the Markel appellees) filed a motion to declare Jones a vexatious litigant. Tran, Leeland, and Anderson did not join in the motion.[1] The trial court conducted a hearing on March 11, 2014. At the hearing, Jones protested that she had not received notice of the vexatious litigant motion and of the hearing, and requested time to prepare a response.

On March 12, 2014, the trial court granted the motion, declaring Jones a

---

[1] Jones noticed her appeal from the trial court's March 12, 2014 order granting the Markel appellees' motion. The record also indicates Jones conferred with Tran and Leeland's attorney and requested Tran and Leeland withdraw their request that certain material be included in the clerk's record because Tran and Leeland "are not" "included in the appeal."

Jones did not name Tran, Leeland, and Anderson as appellees in her brief. Tran and Leeland filed a brief as appellees, and Jones filed a separate reply brief as to them. Anderson did not file anything. "An appellee . . . must be someone against whom the appellant raises issues or points of error in the appellant's brief." *Showbiz Multimedia, LLC v. Mountain States Mortg. Ctrs., Inc.*, 303 S.W.3d 769, 771 n.3 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Because Jones's issue concerns the trial court's actions in connection with the Markel appellees' vexatious litigant motion, which is consistent with her not naming Tran, Leeland, and Anderson in her brief as appellees, we do not consider them as parties to this appeal. *See id.* (noting that "an appellee need not be definitively identified until the appellant's brief is filed").

vexatious litigant, requiring her to post a bond as security, continuing abatement of the lawsuit, and prohibiting her from filing new pro se litigation without permission from a local administrative judge. The record below reveals the following regarding Jones's prior involvement in various court proceedings:

- In 2005, Jones filed a lawsuit against the association in the 240th Judicial District Court of Fort Bend County, Texas. Jones disputed the legality of the 2002 annexation of her property by the association due to lack of a quorum. After a trial, the trial court found that a proper quorum existed, and signed its final judgment on November 10, 2005.

- In 2006, Jones along with 35 other plaintiffs filed a lawsuit against the association in the 240th Judicial District Court of Fort Bend County, Texas. Jones sought a declaratory judgment that the 2002 annexation was illegal because the association committed fraud. The trial court dismissed this case on August 9, 2006, and the First Court of Appeals dismissed the appeal on June 21, 2007.

- In 2008, Jones filed a lawsuit against Compass Bank in the 434th Judicial District Court of Fort Bend County, Texas. The suit was removed to the Southern District of Texas and dismissed with prejudice on November 26, 2008. The Fifth Circuit upheld the dismissal on July 30, 2009.

- Sometime after November 8, 2010, Jones filed an appeal in the U.S. Court of Appeals Federal Circuit in which she disputed a U.S. Court of Appeals for Veteran Claims ruling. The Federal Circuit affirmed the lower court's ruling against Jones on September 20, 2011.

- In 2011, Jones filed a lawsuit against the association in the 240th Judicial District Court of Fort Bend County, Texas. Jones sought a declaratory judgment that the 2002 annexation was illegal because there were not enough votes to pass the annexation. The trial court granted traditional summary judgment in favor of the association based on res judicata on February 28, 2012, which ruling this court upheld. *Jones v. Villages of Town Ctr. Owners Ass'n*, No. 14-12-00306-CV, 2013 WL 2456873, at *5, 7 (Tex. App.—Houston [14th Dist.]

3

June 6, 2013, pet. denied) (mem. op.).

- In 2012, Jones filed a lawsuit for libel and business disparagement against Michael Fitzmaurice and others (collectively, Fitzmaurice) in the 155th Judicial District Court of Waller County, Texas. Fitzmaurice filed a motion to dismiss based on the Anti-SLAPP statute,[2] which the trial court denied. Fitzmaurice appealed, and this court reversed and remanded for the trial court to dismiss the case and award attorney's fees to Fitzmaurice. *Fitzmaurice v. Jones*, 417 S.W.3d 627, 634 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The trial court signed its final order dismissing the case on January 23, 2014.

- In 2013, Jones filed a petition for writ of mandamus in the Supreme Court of Texas where the respondent was Judge Thomas Culver of the 240th Judicial District Court of Fort Bend County, Texas, and the real party in interest was the association. The Supreme Court of Texas denied Jones's petition on September 20, 2013.

- Also in 2013, Jones filed a petition for writ of mandamus in the Supreme Court of Texas where the respondent was Judge Jeff Steinhauser of the 155th Judicial District Court of Waller County, Texas, and the real party in interest was Fitzmaurice. The Supreme Court of Texas denied Jones's petition on January 3, 2014.

On appeal, Jones contends that the trial court abused its discretion because the facts and the law do not support the court's decision to grant the Markel appellees' motion to declare Jones a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101(c) (West, Westlaw through 2015 R. Sess.).

---

[2] Chapter 27 of the Texas Civil Practice and Remedies Code is the Texas Anti-SLAPP statute, where SLAPP is an acronym for "Strategic Lawsuits Against Public Participation." *Jardin v. Marklund*, 431 S.W.3d 765, 767, 769 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

## II.     ANALYSIS

### A.     Standard of review

We review a trial court's determination that a plaintiff is a vexatious litigant for an abuse of discretion. *Cantu v. Dominguez*, No. 14-08-00156-CV, 2009 WL 3365854, at *4 (Tex. App.—Houston [14th Dist.] Sept. 10, 2009, pet. denied) (mem. op.). "A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence." *Id.* (citing *Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2005, pet. denied)).

The trial court's order in this case does not recite any findings. It states that the court heard and granted the motion to declare Jones a vexatious litigant. When the trial court does not specify the basis for its decision, we must affirm the order if it is correct on any legal theory supported by the record. *Douglas v. Elliott*, No. 14-12-01025-CV, 2014 WL 1410190, at *5 (Tex. App.—Houston [14th Dist.] Apr. 10, 2014, no pet.) (mem. op.); *see Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 58 (Tex. App.—Houston [14th Dist.] 1993, no writ).

### B.     Notice

As a subissue, Jones argues that she did not receive notice of the Markel appellees' motion to declare her a vexatious litigant. Jones contends that she received the notice on March 12, after the hearing took place. The Markel appellees respond that Jones has not rebutted the presumption of proper notice based on their certificate of service. They further argue even if Jones did not receive actual notice, then sufficient constructive notice exists where the record indicates that the motion was "available for pickup" but Jones chose not to do so.

5

Rule 21a authorizes service in person, by agent, by courier-receipted delivery, or by certified or registered mail, to the party's last known address. Tex. R. Civ. P. 21a; *Jacobs v. Jacobs*, 448 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Service by certified mail is complete when the documents are deposited in a properly addressed envelope, postage prepaid, in a post office or official depository of the United States Postal Service. Tex. R. Civ. P. 21a; *Jacobs*, 448 S.W.3d at 632. A certificate of service by an attorney of record is prima facie evidence of the fact of service, and creates a presumption of receipt, rebuttable through proof of nonreceipt. *See* Tex. R. Civ. P. 21a(e); *Mayfield v. Fullhart*, 444 S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). "The opposing party may present evidence to rebut the presumption that notice was received." *Jacobs*, 448 S.W.3d at 632.

The serving party also may establish "constructive notice" by demonstrating compliance with rule 21a and presenting evidence that the intended recipient engaged in instances of selective acceptance or refusal of certified mail relating to the case. *Id.* at 632, 635 (concluding there was "some record evidence of the method and manner of . . . service, and that [party] avoided service and refused delivery of certified mail to a valid business address to support constructive notice").

The Markel appellees' certificate of service states that Jones was served as of February 28 by certified mail, return receipt requested, and provides the tracking number, creating the presumption of receipt. However, even allowing that Jones did not receive actual notice of the motion and hearing until March 12, she had sufficient constructive notice. At the hearing, the Markel appellees presented a printout, and Jones acknowledged, that the Postal Service placed the motion in her own P.O. Box and that she was notified it was "available for pickup" as of March

6

4, more than three days prior to the March 11 hearing. *See* Tex. R. App. P. 21. Jones also testified that she could have "picked [the motion] up and read it." Moreover, Jones has offered no explanation for why her refusal to pick up her "available" mail does not constitute constructive notice. *See Jacobs*, 448 S.W.3d at 635.

Under these circumstances, we conclude that the record reveals some evidence to support the trial court's implicit finding—imputing constructive notice of the vexatious-litigant hearing to Jones. *See id*. Therefore, the trial court did not abuse its discretion, and we overrule this subissue.

## C. Vexatious litigant

Jones primarily challenges the trial court's determination that she is a vexatious litigant. In particular, Jones asserts that the trial court abused its discretion by granting the Markel appellees' motion "'without' the statutory findings" under chapter 11 of the Texas Civil Practice and Remedies Code. The Markel appellees respond that their evidence meets the statutory requirements.

Chapter 11 of the Texas Civil Practice and Remedies Code governs lawsuits brought by vexatious litigants. *Douglas v. Redmond*, No. 14-12-00259-CV, 2012 WL 5921200, at *5 (Tex. App.—Houston [14th Dist.] Nov. 27, 2012, pet. denied) (mem. op.). Under chapter 11, a trial court "may find a plaintiff a vexatious litigant" if certain statutory elements are met. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054 (West, Westlaw through 2015 R. Sess.). If the trial court determines, based on evidence presented at a hearing, that the plaintiff is a vexatious litigant, it must order her to furnish security for the benefit of the moving defendants in an amount related to the costs and attorneys' fees the defendants anticipate incurring in defending the litigation. *See id.* § 11.055 (West, Westlaw

through 2015 R. Sess.).  If the plaintiff fails to furnish the court-ordered security by the time set in the order, the court must dismiss the suit as to the moving defendants.  *See id.* § 11.056 (West, Westlaw through 2015 R. Sess.).  The court also may enter a prefiling order prohibiting a plaintiff from filing, pro se, a new lawsuit in state court without leave of the local administrative judge.  *See id.* § 11.101 (West, Westlaw through 2015 R. Sess.).

Two requirements must be satisfied before a trial court may declare a plaintiff a vexatious litigant.  *See id.* § 11.054; *Elliot*, 2014 WL 1410190, at *4.  First, the defendant must show there is not a reasonable probability that the plaintiff will prevail in the litigation.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054; *Elliot*, 2014 WL 1410190, at *4.

Second, the defendant must show one of three statutory circumstances:

(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion, has commenced, prosecuted, or maintained as a pro se litigant at least five litigations other than in a small claims court that have been:

> (A) finally determined adversely to the plaintiff;

> (B) permitted to remain pending at least two years without having been brought to trial or hearing; or

> (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

> (A) the validity of the determination against the same defendant as to whom the litigation was finally determined, or

> (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

8

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

Tex. Civ. Prac. & Rem. Code Ann. § 11.054; *see also Elliot*, 2014 WL 1410190, at *4–5 (applying former version containing "in propria persona" instead of "pro se" language).

Because a trial court may exercise its discretion to declare a party a vexatious litigant (as it did here) only if the defendant has made the required showings, we imply findings that the requirements have been met, and we review those findings for legal and factual sufficiency. *See Leonard*, 171 S.W.3d at 459; *see also Redmond*, 2012 WL 5921200, at *6 (considering "whether the evidence was sufficient to support the trial court's declaration").

### 1. No reasonable probability of prevailing

In their motion, the defendants argued that Jones had no reasonable probability of prevailing in the present suit due to res judicata or the running of the statute of limitations for fraud. We conclude the record supports an implied finding that Jones had no reasonable probability of prevailing due to limitations.

Texas law prescribes a four-year statute of limitations for fraud actions.[3] *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a) (West, Westlaw through 2015 R.

---

[3] In their motion, the Markel appellees argued that Jones's conspiracy claim was not a separate cause of action apart from fraud and did not argue that any other statute of limitations applied. On appeal, Jones consistently characterizes her claim against the defendants as "conspiracy to commit fraud with their client on a third-party, Plaintiff Harvella Jones." Although the precise nature of Jones's claims is not before us, we note this court has recognized that a two-year statute of limitations applies to conspiracy-to-defraud claims. *See Navarro v. Grant Thornton, LLP*, 316 S.W.3d 715, 719 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (discussing binding precedent in this court applying section 16.003 to conspiracy-to-defraud claims).

Sess.); *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 216 (Tex. 2011); *Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 226 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A cause of action for fraud accrues on the date that the fraud is perpetrated—when the defendant makes the allegedly false representations. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988); *Seureau*, 274 S.W.3d at 226. If the fraud is concealed, however, "[t]he statute of limitations for fraud begins to run from the time the party knew of the misrepresentation." *Emerald Oil*, 348 S.W.3d at 216 (citing *Little v. Smith*, 943 S.W.2d 414, 420 (Tex. 1997)); *see Seureau*, 274 S.W.3d at 227–28.

Jones's fraud claim arises from alleged misrepresentations related to the number of proxy votes cast for the 2002 annexation. Consequently, Jones's cause of action accrued when the defendants allegedly misrepresented the proxy vote. According to Jones, defendant Markel of defendant Roberts Markel Weinberg Butler Hailey PC allegedly misrepresented the proxy count sometime before Jones decided to pursue the quorum issue in her 2005 lawsuit. Therefore, Jones's fraud cause of action accrued sometime in 2005, which was the earliest the defendants allegedly made false representations as to the proxy count. Defendants working for the same defendant firm allegedly also were involved in misrepresenting such proxy count during trial of the 2005 lawsuit, and allegedly continued to perpetuate the false proxy count through two additional lawsuits filed by Jones and others, in 2006 and 2011.

"Irrespective of the potential effect of fraudulent concealment . . . on limitations, actual knowledge of alleged injury-causing conduct starts the clock on the limitations period." *Emerald Oil*, 348 S.W.3d at 209. According to Jones, she discovered the true, much-lower proxy count on her own in 2009. Indeed, after this discovery, in 2011, Jones filed a declaratory judgment action against the

10

association alleging the annexation was illegal because the association did not have enough votes to pass the 2002 annexation. Therefore, even if tolling based on fraudulent concealment could apply here (which we need not decide), Jones had sufficient knowledge in 2009 that the defendants had misrepresented the proxy count.

Jones cites *Likover v. Sunflower Terrace II, Ltd.*, apparently in support of applying an exception to delay accrual or toll limitations in her case. *Likover* (and its progeny) provides that attorneys may be liable for fraud if they knowingly commit a fraudulent act that injures a third person, or knowingly enter into a conspiracy to defraud a third person while representing their client. 696 S.W.2d 468, 472 (Tex. App.—Houston [1st Dist.] 1985, no writ); *see also Gaia Envtl., Inc. v. Galbraith*, 451 S.W.3d 398, 404 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (discussing cases). While *Likover* certainly provides a basis for third parties to bring fraud claims against attorneys, *Likover* does not provide for any exception to the application of limitations simply because the fraud involved attorneys, and we have not discovered any case that does. Here, no exception applies to toll the statute or extend the accrual date any later than sometime in 2009. Since Jones did not bring this lawsuit until January 13, 2014, more than four years after the statute began to run, her fraud claim is time barred. *See Seureau*, 274 S.W.3d at 227, 229–30.

We conclude there is legally sufficient evidence to support the finding that there is not a reasonable probability that Jones will prevail in the litigation against the defendants, and such finding is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054; *Elliot*, 2014 WL 1410190, at *5; *Leonard*, 171 S.W.3d at 460. Therefore, the trial court could have implicitly found the first requirement under

11

section 11.054 satisfied. *See Elliot*, 2014 WL 1410190, at *5 (judicial immunity in constitutional violation case); *see also Redmond*, 2012 WL 5921200, at *7 (no duty existed and case law foreclosed recovery in professional negligence case).

### 2. Commencing or maintaining five litigations under section 11.054(1)

Next, we consider whether the record supports an implied finding that the Markel appellees proved the second requirement.[4]

A trial court may find a plaintiff is a vexatious litigant if the plaintiff, pro se, has commenced or maintained five litigations in a court of record, all of which were within seven years of the defendant's motion and were adversely determined against the plaintiff. Tex. Civ. Prac. & Rem. Code Ann. § 11.054(1)(A). Chapter 11 defines a "litigation" as "a civil action commenced, maintained, or pending in any state or federal court." *Id.* § 11.001(2) (West, Westlaw through 2015 R. Sess.). "The language of these statutes plainly encompasses appeals. . . . [A] person who files a notice of appeal is maintaining litigation." *Retzlaff v. GoAmerica Comm'ns Corp.*, 356 S.W.3d 689, 699 (Tex. App.—El Paso 2011, no pet.). In addition, "a person who seeks mandamus relief commences a civil action in the appellate court." *Id.* at 700. In *Retzlaff*, a denial of a mandamus petition aimed at a trial judge's refusal to rule on motions counted as a separate adverse determination for purposes of section 11.054(1). *Id.* at 701. The court of appeals noted it was a "separate, original proceeding that did not challenge the trial court's final decision in the underlying case or relate to the merits of the underlying case." *Id.* at 700.

To satisfy the second requirement, the Markel appellees offered multiple

---

[4] In their vexatious litigant motion, the Markel appellees also argued that Jones's litigation activities met subsection (2) of section 11.054. Because we conclude that the trial court properly could have determined that Jones fell within subsection (1), we do not reach this alternative ground. *See* Tex. R. App. P. 47.1.

12

exhibits[5] in an attempt to show that Jones commenced or maintained six litigations after February 28, 2007, which is seven years prior to when the Markel appellees filed their vexatious litigant motion:

(1)     Jones's litigation against Compass Bank, filed July 30, 2008;

(2)     Jones's litigation against the Secretary of Veterans Affairs, Federal Circuit appeal noticed sometime after November 8, 2010;

(3)     Jones's litigation against the association, filed August 9, 2011;

(4)     Jones's litigation against Fitzmaurice, filed June 28, 2012;

(5)     Jones's mandamus proceeding where the association was the real party in interest, filed August 12, 2013; and

(6)     Jones's mandamus proceeding where Fitzmaurice was the real party in interest, filed November 21, 2013.

Jones argues that the Markel appellees did not show the requisite five litigations in the seven-year period under the statute because numbers 2, 3, 5, and 6 should not be counted.[6]  First, with regard to number 2, Jones asserts that she was represented by counsel in her claim seeking Veterans benefits after her husband's death, and that such pension claim was commenced in 2004.  However, the record reflects that sometime after November 8, 2010, which falls within the seven-year period, Jones brought a pro se appeal, which counts as maintaining a litigation pro se.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054(1); *Retzlaff*, 356 S.W.3d 689 at 700.  Therefore, number 2 counts as one litigation.

Next, Jones argues that number 3 should not be counted essentially because it involved fraud.  The statute does not provide for any exception based on fraud.

---

[5] These exhibits included various trial and appellate state and federal court filings, orders, judgments, opinions, and notices.  The trial court overruled Jones's relevancy objection, and Jones does not challenge this ruling on appeal.

[6] Jones does not dispute that numbers 1 and 4 should be counted.

*See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054(1); *Leonard*, 171 S.W.3d at 459 (noting that "the statute only excludes litigation filed in small claims court" in rejecting plaintiff's argument election contest should not be counted). Jones provides, and we have uncovered, no authority to support her position that fraud cases do not count under section 11.054(1). Therefore, number 3 counts as one litigation.

With regard to numbers 5 and 6, Jones argues that the two petitions for writs of mandamus she filed in the Supreme Court of Texas should not be separately counted in addition to the litigation against the association, number 3, and the litigation against Fitzmaurice, number 4. Without explanation, Jones argues that her writs did not fall within *Retzlaff* because they challenged "the trial court's final decision in the underlying case or relate[d] to the merits of the underlying case." She also notes that she initiated her writs in the court of appeals, not in the trial court. We need not decide whether both mandamus proceedings count as separate litigations because we conclude that number 6 does, meeting the five-litigation threshold for section 11.054(1). *See Retzlaff*, 356 S.W.3d at 699.

In *Retzlaff*, the court of appeals indicated that where a mandamus proceeding did not relate to the merits of or challenge the trial court's final decision in the underlying case, it may be counted for purposes of section 11.054(1). *Id.* at 701. *Retzlaff* did not, however, indicate that whether the mandamus petition was filed in the court of appeals or the Supreme Court would affect, much less preclude, whether the proceeding counted. In her mandamus petition involving Fitzmaurice as the real party in interest, Jones complained of this court's error in reversing the trial court's denial of Fitzmaurice's motion to dismiss "because discovery was stayed." As in the mandamus proceeding at issue in *Retzlaff*, Jones did not attack the merits of the underlying case. Nor did Jones's petition relate to the trial court's

14

final decision in the underlying case—the trial court did not issue its final order until after the Supreme Court denied her petition. Therefore, as in *Reztlaff*, where the appellate court counted both an appeal and a mandamus proceeding arising from the same underlying case, we conclude it is proper to separately count both numbers 4 and 6.[7] *See id.*

On this record, Jones's litigation against Compass Bank counts as one litigation; Jones's litigation against the Secretary of Veterans Affairs counts as one litigation; Jones's litigation against the association counts as one litigation; Jones's litigation against Fitzmaurice counts as one litigation; and Jones's mandamus proceeding where the real party in interest was Fitzmaurice counts as one litigation, totaling five litigations as a pro se litigant within the seven-year period. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054(1). And although Jones does not complain that any of these litigations were not "finally determined adversely" to her, the record confirms these five litigations also meet this qualification. *See id.* § 11.054(1)(A).

We conclude there is legally sufficient evidence to support the finding that in the seven years preceding the Markel appellees' filing their motion, Jones had commenced, prosecuted, or maintained at least five lawsuits as a pro se litigant other than in small claims court that were finally determined adversely to her, and such finding is not so contrary to the evidence as to be clearly wrong and unjust. *See id.* § 11.054(1)(A); *Leonard*, 171 S.W.3d at 460. Therefore, the trial court could have implicitly found the second requirement under section 11.054(1)(A) satisfied. *See Redmond*, 2012 WL 5921200, at *7; *Retzlaff*, 356 S.W.3d at 701; *Leonard*, 171 S.W.3d at 459–60.

---

[7] Also as in *Retzlaff*, no double-counting occurs here where the Markel appellees did not seek to separately count both the trial and appellate portions of Jones's lawsuit against Fitzmaurice. *See* 356 S.W.3d at 700.

With both requirements of section 11.054 satisfied, we conclude that the trial court did not abuse its discretion by declaring Jones a vexatious litigant. *See Elliott*, 2014 WL 1410190, at *5; *Redmond*, 2012 WL 5921200, at *7–8; *Leonard*, 171 S.W.3d at 460.

We overrule Jones's issue.

## D.  Additional subissues

In its March 12 order, the trial court ordered continued abatement of the lawsuit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.052 (West, Westlaw through 2015 R. Sess.).  For the first time on appeal, Jones asserts that the trial court should not have abated the entire lawsuit because Tran, Leeland, and Anderson did not join in the vexatious litigant motion.  To preserve error for appellate review, a timely and reasonably specific objection, followed by an adverse ruling, is required.  Tex. R. App. P. 33.1(a).  The record fails to reveal that Jones raised this complaint in the trial court.  Therefore, Jones has waived this subissue on appeal. *See id.*

Next, Jones asserts that the filed reporter's record "has content that differ[s]" from the hearing.  Without any citation to the record, Jones claims she requested an audio copy of the March 11 hearing but was informed that it was destroyed.  Absent proof, Jones is not entitled to a new trial. *See Houser v. McElveen*, No. 13-05-00426-CV, 2010 WL 1256054, at *4 (Tex. App.—Corpus Christi Apr. 1, 2010, pet. denied) (mem. op.) (citing Tex. R. App. P. 34.6(f)).  We overrule this subissue.

### III.    CONCLUSION

Accordingly, having disposed of Jones's issue and subissues, we affirm the trial court's order.


/s/    Marc W. Brown
                            Justice


Panel consists of Justices Jamison, Busby, and Brown.