**Opinion filed November 12, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00352-CV

_____

**A 5 ACRE TRACT OF LAND AND ALL IMPROVEMENTS THEREUPON, BEARING THE ADDRESS: 1483 FRIENDSHIP ROAD, WEATHERFORD, PARKER COUNTY, TEXAS 76085, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 43rd District Court**

**Parker County, Texas**

**Trial Court Cause No. CV12-0976**

**M E M O R A N D U M   O P I N I O N**

This is an appeal from a civil forfeiture proceeding brought by the State against a five-acre tract of land and all improvements thereupon belonging to Jimmy Wayne Mack.[1]  The trial court found that the five acres and all improvements were

---

[1]Under a docket equalization order, the Supreme Court of Texas transferred this appeal from the Second Court of Appeals to the Eleventh Court of Appeals.  As required under TEX. R. APP. P. 41.3, we will decide this case in accordance with the precedent of the Second Court of Appeals.

contraband under Chapter 59 of the Texas Code of Criminal Procedure[2] and ordered that they be forfeited.  *See* CRIM. PROC. art. 59.02.  In one point of error, Appellant appeals the trial court's denial of his motion to dismiss the forfeiture proceedings. We affirm.[3]

Appellant argues that the trial court erred when it denied his motion to dismiss because the State did not commence the forfeiture proceedings within the applicable statute of limitations.  However, the State contends that Appellant waived the defense because he did not affirmatively plead the defense of limitations.  We agree with the State.  The statute of limitations is an affirmative defense, and to preserve error on appeal, Appellant must have affirmatively pleaded the defense.  TEX. R. CIV. P. 94; *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). Appellant failed to plead an affirmative defense in his original answer, and no amended or supplemental pleadings were filed.  Therefore, we hold that Appellant waived the defense of limitations.  We overrule Appellant's sole point of error.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


November 12, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[2]TEX. CODE CRIM. PROC. ANN. ch. 59 (West 2006 & Supp. 2014).

[3]On this same day in companion cases, *1998 Black Mitsubishi 3000 GT, Texas LP #811PKJ, VIN JA3AM44H9WY001446, et al. v. State*, No. 11-13-00350-CV, and *2000 Black Ford F-150, Texas License Plate 21LKN5, VIN: 1FTRX18L6YKA80489, et al. v. State*, No. 11-13-00353-CV, we have affirmed the judgments in which Appellant was ordered to forfeit personal property to the State in trial court cause nos. CV12-0542 and CV12-0538.